# EXHIBIT A

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
CALENDAR: Y
PAGE 1 of 38
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT  LAW DIVISION**

DELAWARE MOTEL ASSOCIATES, INC.;　）
INDEPENDENCE MANAGEMENT　　　　）
ASSOCIATES, INC.; C. PATEL CO. LLC;　）
TURKEY FOOT LAKE ROAD LAND　　 ）
HOLDINGS, LLC; CHAMPAKBHAI N. PATEL ）
and JASHVANTI C. PATEL,　　　　　　 ）
　　　　　　　　　　　　　　　　　　）
　　　　　　Plaintiffs,　　　　　　　 ）　　Case No.　2017 L
　　　　　　　　　　　　　　　　　　）
　　　v.　　　　　　　　　　　　　　 ）
　　　　　　　　　　　　　　　　　　）
LEHMAN BROTHERS BANK, FSB; LEHMAN ）
BROTHERS/GP INC.; LEHMAN BROTHERS 　）
INC.; LEHMAN BROTHERS HOLDINGS INC.; ）
CAPITAL CROSSING SERVICING COMPANY ）
LLC; CAPITAL CROSSING HOLDINGS LLC; ）
PHOENIX ASSET OPTIMIZATION LLC;　 　）
PHOENIX ASSET MANAGEMENT LLC;　　 ）
ADVANCED APPRAISAL GROUP, INC.;　　 ）
ADVANCED APPRAISAL CONSULTANTS,　 ）
INCORPORATED; ADVANCED APPRAISAL　）　　**JURY DEMAND**
CONSULTANTS, LLC; WILLIAM DADDONO; ）　　**ENDORSED HEREON**
WOLIN & ROSEN, LTD.; SMITHAMUNDSEN ）
LLC, THE STATE BANK OF TEXAS;　　 　）
CHANDRAKANT PATEL; HIREN PATEL and ）
EDWARD FITZGERALD,　　　　　　　　 ）
　　　　　　　　　　　　　　　　　　）
　　　　　　Defendants.　　　　　　　）

## COMPLAINT

**NOW COME** the Plaintiffs DELAWARE MOTEL ASSOCIATES, INC.;

INDEPENDENCE MANAGEMENT ASSOCIATES, INC.; C. PATEL CO. LLC; TURKEY

FOOT LAKE ROAD LAND HOLDINGS, LLC; CHAMPAKBHAI N. PATEL and

JASHVANTI C. PATEL, by and through their attorney PAUL CAGHAN, and for their

Complaint against Defendants LEHMAN BROTHERS BANK, FSB; LEHMAN

BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS

1

INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD, state as follows:

**Count 1**

**<u>Racketeer-Influenced Corrupt Organizations</u>**

**18 U.S.C. 1962(c)**

**LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD**

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 2 of 38

1.     Plaintiffs DELAWARE MOTEL ASSOCIATES, INC.; INDEPENDENCE MANAGEMENT ASSOCIATES, INC.; C. PATEL CO. LLC; TURKEY FOOT LAKE ROAD LAND HOLDINGS, LLC; CHAMPAKBHAI N. PATEL and JASHVANTI C. PATEL, bring this action against LEHMAN BROTHERS BANK, FSB, a federal savings bank; LEHMAN BROTHERS/GP INC., a Delaware corporation; LEHMAN BROTHERS INC., a Delaware corporation; LEHMAN BROTHERS HOLDINGS INC., a Delaware corporation (hereinafter collectively "Lehman Brothers"); CAPITAL CROSSING SERVICING COMPANY LLC, a Delaware limited liability company; CAPITAL CROSSING HOLDINGS LLC, a Delaware limited liability company (hereinafter collectively "Capital Crossing"); PHOENIX ASSET

2

OPTIMIZATION LLC, a Delaware limited liability company; PHOENIX ASSET MANAGEMENT LLC, a Delaware limited liability company (hereinafter "Phoenix"); ADVANCED APPRAISAL GROUP, INC., an Illinois corporation; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED, an Illinois corporation; ADVANCED APPRAISAL CONSULTANTS, LLC, an Illinois limited liability company (hereinafter "Advanced Appraisal"); WILLIAM DADDONO a resident of Illinois; WOLIN & ROSEN, LTD., an Illinois corporation; SMITHAMUNDSEN LLC, an Illinois limited liability company, THE STATE BANK OF TEXAS, a national banking association; CHANDRAKANT PATEL, Chairman of The State Bank of Texas and a resident of Texas; HIREN PATEL, former Chairman of National Republic Bank and a resident of Illinois, and EDWARD FITZGERALD, former President of National Republic Bank and a resident of Florida.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 3 of 38

2.     Section 1962(c) of Title 18 of the U.S. Code provides that it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate and foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

3.     The racketeering enterprise described in this complaint is an association in fact comprised of Lehman Brothers, Capital Crossing, Phoenix, State Bank of Texas, Chandrakant Patel, Hiren Patel, Edward Fitzgerald, William Daddono, Advanced Appraisal and the law firms of Wolin & Rosen, Ltd. and SmithAmundsen LLC.

4.     These members and their employees entered into a common plan and agreement to purchase, service and sell NRB's fraudulent commercial loan accounts; to use fraudulent appraisals by William Daddono and Advanced Appraisal in collection efforts; to write new loan packages with inflated principal based on the fraudulent appraisals; to sell seized and

3

surrendered hotels and other commercial properties using the falsified appraisals; to obtain new fraudulent appraisals from William Daddono and Advanced Appraisal; to continue with the illegal activities begun by NRB for the purpose of their own equity appreciation and to obtain incentive-based management fees from large institutional clients; and every other action necessary to profit from their criminal enterprise.

5.    Defendants Lehman Brothers, Capital Crossing, Phoenix, Edward Fitzgerald, Hiren Patel, The State Bank of Texas, Chandrakant Patel, Sushil C. Patel and Rajan C. Patel knew in 2006, more than 8 years before the failure of National Republic Bank ("NRB") hotel and motel loans were fraudulent, corrupt and regularly inflated by Advanced Appraisal's false valuations.

6.    At Capital Crossing, Robert E. Costello, Director of Real Estate Valuation, and Edward F. Mehm, day to day manager, knew as early as 2001 from contacts with Hiren Patel and Edward Fitzgerald of National Republic Bank, Chandrakant Patel and Rajan C. Patel of The State Bank of Texas, and William Daddono of Advanced Appraisal, that the NRB commercial loan packages were based on false appraisals and were grossly inflated.

7.    The Midwest Region has been the focus of Capital Crossing's activities in the United States, and as of 2014 the Midwest contained 42% of Capital Crossing's assets under management. The National Republic Bank of Chicago focused its activities in the Midwest Region.

8.    Lehman Brothers, Capital Crossing, Phoenix, Edward Fitzgerald, Hiren Patel, The State Bank of Texas and their top executives and day to day managers made a strategic business decision to continue together with the illegal activities begun by National Republic Bank for

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 4 of 38

4

their own equity appreciation and to garner the incentive-based management fees paid by large institutional clients.

9.    For years prior to the failure of National Republic Bank in 2014 , Lehman Brothers, Capital Crossing, State Bank of Texas and Phoenix knew that the NRB loans were fraudulent  and inflated because of false appraisals and were waiting in the wings to acquire the loans.

10.    After the failure of NRB in October 2014, Lehman Brothers, Capital Crossing, State Bank of Texas and Phoenix purchased and serviced NRB's inflated commercial loan accounts; used the fraudulent appraisals by William Daddono and Advanced Appraisal in their collection efforts;  arranged the writing of new loan packages with inflated principal based on appraisals known by them to be fraudulent; demanded, seized and accepted the surrender of hotels and other commercial properties in the Midwest Region that failed due to the inflated loans; and attempted to obtain new fraudulent appraisals from William Daddono and his staff at Advanced Appraisal in Itasca, Illinois.

11.    Lehman Brothers, Capital Crossing, Phoenix, Edward Fitzgerald, Hiren Patel, The State Bank of Texas, Louis G. Vinios and William Daddono knew by 2001 that NRB regularly and routinely financed almost every hotel or other commercial property with excessive principal and that the collateral would never make a profit without huge principal reduction often in the range of forty percent (40%) to fifty percent (50%).

12.    From 2006 through the present date, Lehman Brothers and Capital Crossing knew that William Daddono, who had a contract with National Republic Bank to do commercial appraisals in the Midwest, was regularly falsifying and inflating the appraisals.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 5 of 38

5

13. The enterprise accomplished the rigging of appraisal values, *i.e.*, arranging for appraisers to write a set amount that is grossly inflated and determined in advance, and accomplished the decade-long use of the false appraisals to sell hotels and motels at extortionate prices.

14. The enterprise arranged for and paid excessive compensation to William Daddono and his staff of professional appraisers to act in derogation of their professional obligations and to remain silent about their illegal activities.

15. The predicate acts by members of the enterprise violated the following provisions of Title 18, United States Code: section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to fraud against financial institutions), section 1951 (relating to interference with commerce by threats), and section 1957 (engaging in monetary transactions in property derived from specified unlawful activity).

16. The association continues to function as an ongoing organization. Hiren Patel, former chairman of National Republic Bank, Edward Fitzgerald, former president and other former NRB employees; Chandrakant Patel and Rajan C. Patel of The State Bank of Texas; Robert E. Costello and others at Capital Crossing, and top officials at Lehman Brothers have had full knowledge of the illegal nature of their activities for years and have had contacts and communications with each other for the purpose of arranging the continued administration and collection of the inflated loans, to take affirmative acts to secrete and conceal knowledge of the fraud scheme from the victims, state regulators and the Office of the Comptroller of the Currency, U.S. Treasury Department, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation; and to continue to illegally benefit through the

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 6 of 38

6

companies' equity appreciation, their personal salaries, employers' rewards and other forms of direct and indirect compensation.

17.     The association continues to function as an ongoing organization. Lehman Brothers, Capital Crossing and State Bank of Texas ("SBT") planned to acquire and profit from the fraudulent loans after National Republic entered liquidation. When National Republic Bank was seized by regulators in October 2014, Lehman Brothers, Capital Crossing and SBT had been waiting in the wings for years to acquire National Republic's inflated loan portfolio.

18.     Defendants knew through contacts with Chandrakant Patel, Hiren Patel and Edward Fitzgerald that NRB was using inflated appraisals to sell its foreclosed hotels. Lehman Brothers, Capital Crossing and SBT planned to take over the portfolio of inflated loans as soon as the Treasury Department closed NRB. And that is exactly what happened.

19.     Lehman Brothers, Capital Crossing, Phoenix and SBT were motivated to take over these inflated loans because they knew that the scheme targeted high net-worth individuals. If any deficiencies existed after judicial sale, the assets of the borrowers were sufficient for the enterprise to collect the full inflated amounts of the loans from the individual victims.

20.     The racketeering enterprise has hundreds of victims including without limitation Muskegan Hotels, LLC, Global Development, Inc., MD Global LLC, M.D. 1 LLC, Estate of Hasan Merchant, Decedent, Laxmi of Michigan LLC and Ronak V. Patel (*see* Case No. 14-cv.09186, USDC-NDIL), Delaware Motel Associates, Inc., Independence Management Associates, Inc., C. Patel Co. LLC, Turkey Foot Lake Road Land Holdings, LLC, Champakbhai N. Patel, Jashvanti C. Patel, and others.

21.     Hiren Patel and Chandakrant Patel planned to take over the inflated loans to that their families could continue to receive income from the inflated loans. The families of Hiren

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 7 of 38

Patel and Chandakrant Patel have a mutually beneficial business relationship that facilitates transfer payments. Hiren Patel and Chandakrant Patel are longtime business partners in real estate. They have used their banks to make loans to each other. National Republic granted a $30 million mortgage to Chandakrant's son, Rajan C. Patel. Rajan C. Patel is a top executive of The State Bank of Texas.

22.    The law firm Wolin & Rosen Ltd., through its employees Julie L. Kaminski, Philip S. Wolin, Harold Rosen, and others, participated in the racketeering enterprise from 2001 through the present by preparing and recording the loan documentation and modifications, by written communications, emails and telephone calls in pursuit of litigation and settlements of the inflated loans, and by knowingly transmitting the false and inflated appraisals to Cross-Plaintiffs and other borrowers.

23.    The law firm SmithAmundsen LLC, through its employees Greg Amundsen, Ean Kryska, Sandra Franco and others, participated in the racketeering enterprise from 2011 through the present by amongst other things sending written communications and emails in pursuit of collection litigation by the Bank, by knowingly transmitting the false and inflated appraisals to Cross-Plaintiffs and other borrowers, and by preparing loan documents and modifications to secure payments for their client of the excessive and fraudulent debt service payments.

24.    The association in fact has longevity because State Bank of Texas, Chandakrant Patel, SmithAmundsen LLC, Capital Crossing, Lehman Brothers and Phoenix continue to fulfill their roles in the racketeering scheme. SBT, Capital Crossing, Lehman Brothers and Phoenix obtained control of the old National Republic accounts and are collecting their own payments from the victims.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 8 of 38

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 9 of 38

25.    Phoenix' subordinated companies, including without limitation Phoenix Grantor Trust, Phoenix NPL, LLC, and Phoenix REO, LLC, continue to fulfill their proxy roles of holding title to property and serving as plaintiffs in foreclosure and collection litigation against the victims.

26.    Going forward, Lehman Brothers, Capital Crossing, Phoenix and SBT will continue to receive payments knowingly obtained by fraud, continue to threaten and pursue garnishments and seizures of the victims' assets, and continue to pay bribes to appraisers at Advanced Appraisal and other firms to prepare and generate false and inflated appraisals for their negotiations, loan underwritings, modifications and valuations.

27.    Lehman Brothers, Capital Crossing, Phoenix and SBT created a separate fund taken from the capital injections of the victims and used the fund to pay ongoing expenses of the racketeering scheme. Such expenses include excessive fees and compensation to William Daddono and his associate appraisers for generating the false appraisals, legal fees to Wolin & Rosen Ltd., SmithAmundsen and others, filing fees to local court clerks for foreclosure and collection suits, sheriffs' fees and other expenses; in violation of Title 18, United States Code, Section 1957.

28.    The major players in the racketeering enterprise are Lehman Brothers, Capital Crossing, Phoenix, SBT, Chandrakant Patel, Hiren Patel, Edward Fitzgerald, SmithAmundsen, Advanced Appraisal and William Daddono. Each knowingly and willfully participated in the scheme to defraud and each had the specific intent to defraud.

29.    For State Bank of Texas, subordinates including Rajan C. Patel and Sushil C. Patel, executive vice-presidents of SBT, who also knew of the false and inflated loans and are assisting in the scheme. For Advanced Appraisal, William Daddono's assistant appraisers

9

including Anthony Daddono, Stephen L. Keeler and Salvatore Louise, continue to play their croles in the scheme. For Capital Crossing and Lehman Brothers, Robert E. Costello, Edward F. Mehm, Robert MacQueen and others continue to play their roles in the scheme.

30. The individual members, Hiren Patel, Edward Fitzgerald, Chandrakant Patel, Rajan C. Patel, Robert E. Costello, Edward F. Mehm, William Daddono, and others, have had full knowledge since 2006 that the NRB loans were toxic, corrupt and inflated due to false appraisal scheme with William Daddono.

31. Lehman Brothers, Capital Crossing, Phoenix and SBT were aware since about 2006 that National Republic Bank was using inflated appraisals to sell the foreclosed commercial properties. Chandrakant Patel, Sushil C. Patel and Rajan C. Patel of The State Bank of Texas and officers of Capital Crossing and Lehman Brothers had regular phone contacts, electronic communications, and face-to-face meetings to monitor the financial health of National Republic Bank. After the failure of the bank, the enterprise worked to ensure silence about their continuing illegal activities.

32. Lehman Brothers, Capital Crossing and SBT planned together for years before the liquidation to take over National Republic's portfolio of corrupted loans. These Defendants believed that the fraudulent nature of the loans would never be discovered by federal or state regulators or be successfully opposed by their new victims.

33. Lehman Brothers, Capital Crossing, Edward Fitzgerald, Hiren Patel and State Bank of Texas targeted high net-worth individuals who were unsophisticated in the ownership of commercial properties and had assets that could be surrendered or seized to recover any deficiency that may have remained after judicial sale of the collateral.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 10 of 38

34.     Capital Crossing and Lehman Brothers participated by sending written communications and emails in pursuit of collection for State Bank of Texas, Lehman Brothers, Phoenix, itself, and others; by knowingly transmitting, endorsing and citing the false and inflated appraisals in collection efforts against Plaintiffs and other victims; by directing the preparation and dissemination of loan packages and modifications with inflated principal amounts; by supervising, arranging and endorsing the underwriting of hotel and other commercial loans based on false appraisals; by continuing contacts with Capital Crossing, Lehman Brothers, State Bank of Texas and others to continue the illegal activities, by contacting victims personally and demanding payment of fraudulent debt service payments; by fraudulent concealment of their own criminal activity; and by other misconduct.

35.     From on or about January 2001 through the present, upon the instruction of Hiren Patel, chairman of National Republic Bank, bank president Edward Fitzgerald emailed, met, mailed and spoke in person and by telephone with William Daddono and arranged for the upcoming appraisal reports to reflect the specific inflated values that the bank desired.

36.     From on or about January 2001 through the present, upon the instruction of Hiren Patel, former chairman of National Republic Bank, Edward Fitzgerald met with top officials at Lehman Brothers, Capital Crossing and State Bank of Texas to arrange the continuation of the fraud scheme and secreted profit-sharing with himself, Hiren Patel and the others after the expected demise of NRB.

37.     Lehman Brothers, Capital Crossing, Hiren Patel, Edward Fitzgerald, The State Bank of Texas, Chandrakant Patel, Phoenix and William Daddono seized control of previously legitimate firms, Advanced Appraisal Group, Inc., Advanced Appraisal Consultants, Incorporated, and Advanced Appraisal Consultants, LLC, and used the firms' resources,

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 11 of 38

11

contacts, facilities and appearance of legitimacy to perpetrate more, and less easily discovered, criminal acts than they could do alone.

38.    The association in fact has longevity because Defendants continue to fulfill their roles in the racketeering scheme. Lehman Brothers, State Bank of Texas, Phoenix and Capital Crossing have cherry-picked through the old National Republic accounts and have taken most of the accounts for unsophisticated victims with high net worth.

39.    Going forward, Lehman Brothers, Capital Crossing, Phoenix, State Bank of Texas, their shareholders and others will continue to receive payments and to profit from the fraud scheme, continue to threaten and pursue garnishments and seizures of the victims' assets, and continue to use the false and inflated appraisals to collect debt service, penalties, attorneys' fees and other fraudulent charges generated by the loans.

40.    Lehman Brothers, Edward Fitzgerald, Hiren Patel, State Bank of Texas and Capital Crossing agreed to keep track of the extra costs that cannot be carried on the books such as extra compensation to William Daddono and his appraisers to produce false appraisals and to continue to violate their professional oaths, excessive compensation to the attorneys for preparation of the fraudulent loan documents, fees for court clerks, sheriffs, process servers and auctioneers to collect and resell the forfeited commercial properties, and to regularly replenish the fund as necessary from the scheme itself. This effectively created a separate fund using sources such as the victims' equity and debt service to pay ongoing expenses of the racketeering scheme.

41.    Expenses such as excessive fees and compensation to William Daddono and his companies for generating the false appraisals, legal fees to Wolin & Rosen Ltd., SmithAmundsen LLC and other attorneys for the loan documents, and filing fees to court clerks for foreclosure

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 12 of 38

12

and collection suits, sheriffs' fees and other expenses were made in violation of Title 18, United States Code, Section 1957.

42.     The major players in the racketeering enterprise are Lehman Brothers, Capital Crossing, Robert E. Costello, Edward F. Mehm, Robert MacQueen, Hiren Patel, Edward Fitzgerald, Chandakrant Patel, The State Bank of Texas, and William Daddono and each knowingly and willfully participated in the scheme to defraud and each had the specific intent to defraud.     Barclays purchased Lehman Brothers Bank, FSB out of bankruptcy in 2008.

43.     The false and inflated values in the appraisal reports continuously supplied Lehman Brothers, Capital Crossing, Phoenix, Hiren Patel, and State Bank of Texas with written misrepresentations to lure, bait and defraud their customers.

44.     For State Bank of Texas, the hands-on job of regular contacts and communications with other members of the enterprise fell to the executive vice-presidents, Rajan C. Patel and Sushil C. Patel.

45.     Kaushik Soni and Erica Fitzgerald, aka Erica Bernson, worked for National Republic Bank and assisted Hiren Patel and Edward Fitzgerald in signing cover letters and forwarding the fraudulent reports to the victims.     Kaushik Soni continues to assist in perpetration of the inflated appraisal scheme through his current position at SBT.

46.     For Advanced Appraisal, the staff of appraisers including Anthony Daddono, Stephen L. Keeler and Salvatore Louise assisted William Daddono in the inspections and preparation of the false reports and continue to do so.

47.     Subordinate individuals that are employees of Capital Crossing Servicing Company LLC include Robert E. Costello and Robert MacQueen.     Lehman Brothers Inc. and Lehman Brothers Holdings Inc. are subordinate to Lehman Brothers Bank, FSB.     Capital

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 13 of 38

13

Crossing Servicing Company LLC was previously known in a former iteration as Lehman Brothers Bank, FSB.

48.    Phoenix NPL, LLC, Phoenix Grantor Trust and Phoenix REO, LLC operate as subordinates by holding title to real estate and serving as parties in litigation.

49.    False appraisals are still routinely used by Capital Crossing, Lehman Brothers, Phoenix and SBT in their collection activities, seizures and refinancing at inflated amounts for the victims, including Plaintiffs.

50.    William Daddono and his associates manipulated the appraisals to write the outcomes to match the pre-arranged target valuations. The target valuations were selected by Fitzgerald and provided to William Daddono in advance of the inspections by Edward Fitzgerald, Erica Fitzgerald (Bernson), Kaushik Soni and others at National Republic Bank.

51.    Whatever inflated loan amount that National Republic wished to obtain, Daddono would generate an appraisal high enough to justify granting and disbursing the loan proceeds even at conventional Loan-to-Value ratios. The fraudulent targets for the appraisals were generated from 2001 through 2014 mostly by Edward Fitzgerald and subordinates Erica Fitzgerald and Kaushik Soni. The bank communicated the specific valuation that it wished to obtain and Daddono would generate an appraisal high enough to justify the inflated loan at conventional Loan-to-Value ratios of sixty percent (60%) to seventy percent to (70%).

52.    Daddono had a largely exclusive contract with National Republic Bank to provide real estate appraisals for almost all hotels and other commercial properties financed by National Republic in the Midwest region. The Midwest Region included Illinois, Indiana, Wisconsin, Ohio and Michigan.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 14 of 38

14

53. For the property located at 7323 State Route 37, Sunbury, Ohio ("Sunbury property"), the Secured Promissory Note dated April 27, 2001 in the face amount of $1.7 million by Delaware Motel Associates, Inc. ("Delaware") was enabled and proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

54. Daddono and his associates wrote the appraisal for the Sunbury property Real Estate Mortgage dated April 27, 2001 executed by Delaware and recorded on June 5, 2001 as document number 200100019493 according to the scheme of fraud by inflating the valuation to justify the excessive principal balance.

55. The closing on the Commercial Security Agreement executed by Delaware on April 27, 2001 for the Sunbury property was enabled and proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

56. The Modifications to the Sunbury Promissory Note and Mortgage dated January 28, 2002 in the face amount of $1.7 million were enabled and proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

57. The Modification to the Sunbury Promissory Note executed by Delaware on March 12, 2004 was enabled and proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

58. The Modification to the Sunbury Promissory Note signed by Delaware on April 3, 2005 was proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

59. The Fourth Loan Modification and Ratification Agreement for the Sunbury property dated February 17, 2006 was enabled and proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 15 of 38

15

60.     The Fifth Loan Modification and Ratification Agreement executed by Delaware on March 10, 2010 was enabled and proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

61.     The Sixth Loan Modification and Ratification Agreement dated March 4, 2011 was enabled and proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

62.     The Cross-Guaranty, Cross-Default, Cross-Collateralization and Contribution Agreement signed by Delaware and others on September 18, 2013 and recorded on March 28, 2014 as document number 010288080030 was enabled and proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

63.     For the property located at 24399 Lorain Road, North Olmstead, Ohio ("North Olmstead property") the Security Agreement, Mortgage and Promissory Note dated March 18, 2004 was enabled and proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal

64.     The Promissory Note and Guaranties dated July 12, 2004 in the amount of $1.5 million were proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

65.     For the property located at 4751 Northfield Road, North Randall, Ohio ("North Randall property"), the Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing dated October 6, 2005 were proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 16 of 38

16

66.    The Seventh Loan Modification and Ratification Agreement and Modification to Mortgage Document dated October 3, 2013 were proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

67.    The Promissory Note dated October 2, 2008 in the amount of $350,000 related to the property at 1715 E. Turkey Foot Lake Road, Akron, Ohio ("Turkey Foot property") was proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

68.    The Promissory Note dated August 11, 2006 in the amount of $1.0 million was proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

69.    The Promissory Note dated April 27, 2001 in the amount of $1.7 million was proximately caused by the inflated appraisal value generated by William Daddono and Advanced Appraisal.

70.    Section 1344 of the anti-racketeering law, Title 18 U.S. Code § 1344, provides as follows: "Whoever knowingly executes, or attempts to execute, a scheme or artifice— (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

71.    Lehman Brothers, Capital Crossing, State Bank of Texas and Phoenix violated 18 U.S. Code § 1344 by obtaining property under false pretenses and depriving the FDIC and the U.S. Treasury Department of capital injections owed by the directors of National Republic Bank. Had Lehman Brothers, Capital Crossing, State Bank of Texas and Phoenix been truthful with

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 17 of 38

17

government investigators early on, then the U.S. Treasury would have received millions of dollars in capital injections from NRB's directors.

72.     Lehman Brothers, Capital Crossing, State Bank of Texas and Phoenix knowingly executed and attempted to execute a scheme to defraud the U.S. Treasury Department, the FDIC, and the Board of Governors of the Federal Reserve System and to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, the U.S. government, in violation of Title 18, United States Code, Section 1344.

73.     Lehman Brothers, SBT, Capital Crossing and Phoenix, for the purpose of executing the fraud scheme, did knowingly cause to be transmitted by means of the United States Mail communications to the officers and shareholders of Plaintiffs, and to the co-members of the enterprise from on or about January 1, 2006 through January 30, 2017, which communications attached or referenced the false and misleading appraisals for the property; in violation of Title 18, United States Code, Section 1341.

74.     Lehman Brothers, SBT, Capital Crossing and Phoenix, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs and signals, namely, electronic and written communications, requests for payment of the fraudulent accounts, and the appraisals; in violation of Title 18, United States Code, Section 1343.

75.     Plaintiffs and their officers, attorneys, bankers and representatives justifiably and detrimentally relied on the false and misleading appraisals of the Sunbury property, Independence property, North Olmstead property, North Randall property, and Turkey Foot property which were prepared and falsified at the direction of the members of the enterprise.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 18 of 38

76.     Plaintiffs justifiably and detrimentally relied on the false and misleading appraisals of the properties.

77.     Defendants, for the purpose of executing the fraud scheme, did knowingly cause to be transmitted by means of the United States Mail to Plaintiffs and their representatives which communications referenced or attached the false and misleading appraisals and fraudulent demands for payment of principal balances and debt service for the property; in violation of Title 18, United States Code, Section 1341.

78.     Defendants, for the purpose of executing the above-described scheme, from on or about January 1, 2008 through January 30, 2017 and thereafter, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs and signals, namely, an interstate wire transfer of funds from the wire account of Capital Crossing or its affiliates to its client which funds represented transfer of fraudulently obtained debt service payments for the restaurant; in violation of Title 18, United States Code, Section 1343.

79.     The use and investment of the racketeering income was a proximate cause of economic and pecuniary injuries and damages to Plaintiffs.  The down payments and part of the debt service were used to pay the appraisers for false appraisals, the attorneys for concealing and secreting their knowledge of the false appraisals and inflated principal amounts, the court clerks and court recorders for filing and recording fees, the sheriffs for service of process, and other expenses; in violation of Title 18, United States Code, Section 1957.

80.     Plaintiffs could not have been aware of the Defendants' R.I.C.O. violations until on or about December 2016 when details emerged from the ongoing criminal investigation by the U.S. Department of Treasury, Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 19 of 38

19

81.    It was unforeseeable to Plaintiffs and to a reasonable person that Defendants would violate the R.I.C.O. law by using false and inflated appraisals to sell and refinance hotels and other commercial properties.

82.    The Plaintiffs were duly diligent in discovering the existence of their claims.

83.    As a direct and proximate result of Defendants' use and investment of the proceeds of the racketeering enterprise, the Plaintiffs suffered financial and pecuniary damages of lost equity in the property, renovation expenditures, lost capital injections, developer's fees, management fees, diminution in value of shares, compensatory damages, special damages, lost profits, lost contracts, lost revenue and other economic and pecuniary injuries and such damages and losses will continue in the future.

84.    Plaintiffs would not have invested money in the property but for the misrepresentations by Defendants that the cash value of alternative investments of those funds by Plaintiffs would at all times have been higher than the value of owning the property.

85.    The racketeering enterprise is an association in fact and continues to function as an ongoing organization. As shown above, Defendants continue to prepare and use false and inflated appraisals to defraud customers and collect excessive debt service payments and other charges; in violation of Title 18, United States Code, Section 1951.

86.    Defendants continue to interfere with commerce by threats of seizure, garnishment, and levy for loans which Defendants knew years ago were procured by fraud and illegal; in violation of Title 18, United States Code, Section 1951.

87.    Defendants violated Title 18 U.S.C. Sec. 1962(a), (c) and (d) and formed a scheme to defraud, used the mail and wires in furtherance of that scheme, and had the requisite intent to defraud.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 20 of 38

88.   Pursuant to the provisions of Title 18 U.S.C. Sec. 1964(c), Plaintiffs seek damages for injuries to business and property by reason of a violation of 18 U.S.C. § 1962 and threefold the damages thus sustained and the cost of the suit, including a reasonable attorney's fee.

WHEREFORE, the Plaintiffs request judgment against LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD, jointly and severally, for a sum in excess of $25,000,000.00, treble damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 21 of 38

### Count 2

### Racketeer-Influenced Corrupt Organizations

### 18 U.S.C. 1962(d) Conspiracy

**LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD**

1.    Plaintiffs reassert and reallege paragraphs 1 through 88 of Count 1 as if fully set forth at length herein.

2.    The conspiracy committed by Defendants in violation of 18 U.S.C. 1962(d), was to enter into a common plan and agreement to purchase, service and sell NRB's fraudulent commercial loan accounts;  to use fraudulent appraisals by William Daddono and Advanced Appraisal in collection efforts;  to write new loan packages with inflated principal based on the fraudulent appraisals; to resell seized and surrendered commercial properties using the falsified appraisals; to obtain new fraudulent appraisals from William Daddono and Advanced Appraisal; to engage in illegal activities for their own equity appreciation and to obtain incentive-based management fees from large institutional clients; and to commit every additional wrongful act necessary to continue the racketeering enterprise.

3.    The use of the mails for purposes of effectuating the above-described scheme to defraud the victims, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C. Sec. 1964(c).

4.    The alleged predicate acts and the specific statutes allegedly violated by each predicate act include acts that violate the following provisions of Title 18, United States Code: section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to fraud against financial institutions), section 1951 (relating to interference with commerce by

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 22 of 38

threats or violence) and section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful acts).

5.    As a direct and proximate result of Defendants' use and investment of the proceeds of the racketeering enterprise, the Plaintiffs suffered millions of dollars in damages in lost capital and equity in the property, loss of renovation expenditures, capital injections, developer's fees, and management fees, diminution in value of shares, lost profits, lost contracts, lost revenue and business opportunities and other economic and pecuniary injuries and will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiffs request judgment against LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD, jointly and severally, for a sum in excess of $25,000,000.00, treble damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

**Count 3**

**Racketeer-Influenced Corrupt Organizations**

**18 U.S.C. 1962(a) Investment of Proceeds**

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 23 of 38

**LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD**

1.     Plaintiffs reassert and reallege paragraphs 1 through 88 of Count 1 as if fully set forth at length herein.

2.     The Plaintiffs were injured by predicate acts made possible by the members' internal investment and use of the proceeds of prior predicate acts, in violation of 18 U.S.C. Sec. 1957.

3.     In violation of 18 U.S.C. Sec. 1962(a), the income derived from the pattern of racketeering activity was received by Defendants.

4.     The activities of Lehman Brothers, Capital Crossing, Phoenix, Hiren Patel, Edward Fitzgerald, The State Bank of Texas, Chandakrant Patel, Advanced Appraisal and William Daddono constituted a pattern of racketeering activity and Defendants then invested the proceeds from racketeering in an enterprise, thereby violating section 1962(a). The Defendants also caused injury from the predicate fraudulent misrepresentations, and from subsequent use or investment of the proceeds.

5.     Defendants, for the purpose of executing the scheme to defraud, transmitted and caused to be transmitted communications by means of wire in interstate commerce. Such interstate communications by wire included, without limitation, emails and telephone calls to the victims, emails and telephone calls by the borrowers, electronic communications sent to customers, communications among members of the racketeering enterprise, and other wire communications.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 24 of 38

6.      The use of the mails for purposes of effectuating the above-described scheme to defraud, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C. Sec. 1964.

7.      As a direct and proximate result of the violations of the R.I.C.O. law by Defendants, the Plaintiffs were injured and suffered damages including economic and pecuniary losses, compensatory damages, attorneys' fees, loss of wages, loss of business, lost profits, diminution in value of shares, lost contracts and other expenses and losses and will continue to suffer such losses and damages in the future.

8.      Plaintiffs are entitled to treble damages, costs of suit and attorneys' fees pursuant to 18 U.S.C. Sec. 1964(c).

WHEREFORE, the Plaintiffs request judgment against LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD, jointly and severally, for a sum in excess of $25,000,000.00, treble damages, all other and further relief to which defendants may be entitled

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 25 of 38

25

at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

**Count 4**

**Consumer Fraud and Deceptive Practices Act**

**815 ILCS 505/1 *et seq.***

**LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD**

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 26 of 38

1.     Plaintiffs reassert and reallege paragraphs 1 through 88 of Count 1 as if fully set forth at length herein.

2.     Defendants engaged in a deceptive practice as aforesaid, including but not limited to the use or employment of deception, fraud, false pretense, false promise, and misrepresentation; and the concealment, suppression or omission of any material fact with intent that others rely upon the concealment, suppression or omission of such material fact.

3.     This occurred in the conduct of trade or commerce.

4.     Defendants intended Plaintiffs to rely on the deceptions contained in the appraisals.

5.     The representation as to value in each of the real estate appraisals of the property was made as a statement of fact for the listener to rely upon, is treated as a statement of fact and the speaker is bound thereby.

6.     Plaintiffs suffered financial and pecuniary damages of lost equity in the property, renovation expenditures, lost capital injections, developer's fees, management fees, diminution

26

in value of shares, compensatory damages, special damages, lost profits, lost contracts, lost revenue and other economic and pecuniary injuries and such damages and losses will continue in the future.

7.     The practice offends public policy and is oppressive.  Defendants' deceptive practices implicate the state's interest in protecting its consumers.

8.     There is a nexus between the Defendants' conduct and general consumer protection concerns because SBT, Phoenix, Lehman Brothers, Capital Crossing and others are participating in an industry-wide practice of consumer fraud which has threatened and caused public injury and substantial injury to consumers in general.

9.     Capital Crossing, Robert E. Costello, Edward F. Mehm, Lehman Brothers, Edward Fitzgerald, Hiren Patel, Chandrakant Patel and State Bank of Texas acted intentionally and with reckless disregard of the truth.

10.     SBT, Capital Crossing, Lehman Brothers and Phoenix were aware that the third party (NRB) had engaged in fraudulent transactions regarding loan files now owned and controlled by them but failed to bring those transfers or the possibility of additional fraudulent transfers to the attention of Plaintiffs or their representatives.

11.     Nevertheless, SBT, Capital Crossing, Lehman Brothers and Phoenix failed to bring those transfers (or the possibility of additional fraudulent transactions) to the attention of the Borrowers, including Counterplaintiffs.

12.     Use of a fraudulent and inflated appraisal is actionable under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 *et seq.*, as a fraudulent misstatement of fact.

14.     The Plaintiffs were not experienced businessmen.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 27 of 38

27

15.    Plaintiffs did not have an opportunity to learn the truth about the inflated principal balances on their loans, the fraudulent debt service payments and the inflated appraisals until details of the federal criminal investigation emerged in December 2016.

16.    As a direct and proximate result of the violations of the Illinois Consumer Fraud and Deceptive Practices Act by SBT, Lehman Brothers, Capital Crossing and Phoenix, those actions have caused the Plaintiffs to suffer substantial damages in the form of millions of dollars of economic and pecuniary losses, lost dividends, capital expenditures, capital contributions, diminution in value of shares, lost equity, business opportunities, distributions, returns, interest appreciation, compensatory damages and special damages and those losses will continue in the future.

**WHEREFORE**, the Plaintiffs request judgment against LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD, jointly and severally, for a sum equal to the amount of damages awarded by a jury at trial of this matter, punitive damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 28 of 38

28

## Count 5

## Fraud

**LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD**

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 29 of 38

1.     Plaintiffs reassert and reallege paragraphs 1 through 88 of Count 1 as if fully set forth at length herein.

2.     Defendants SBT, Lehman Brothers Bank, FSB, Lehman Brothers/GP Inc., Lehman Brothers Inc., Lehman Brothers Holdings Inc., Capital Crossing Servicing Company LLC, Capital Crossing Holdings LLC, Phoenix Asset Optimization LLC and Phoenix Asset Management LLC each owed a duty to Plaintiffs and others to refrain from making false statements of material fact which the Defendants intended to induce reliance by Plaintiffs thereon, which statements were false, and the falsity was known to Defendants, so as not to proximately cause injury and damage to Plaintiffs; a duty to refrain from fraud with intent to deceive, so as not to proximately cause injury and damage to Plaintiffs; and other duties.

3.     Through the conduct of Defendants, as set forth from on or about January 1, 2005 to the present, the Defendants breached their duties owed to the Plaintiffs as aforesaid and committed fraud, described more specifically as follows:

4.     Capital Crossing, Lehman Brothers, Hiren Patel, Edward Fitzgerald, State Bank of Texas, Chandrakant Patel, the Advanced Appraisal companies and William Daddono entered into a common plan and agreement to defraud victims including Defendants using false and inflated appraisals; to usurp, divert and convert to their own use the capital, cash, equity,

29

revenues and profits belonging to the victims; to continuously endorse, generate and disseminate false and inflated appraisal reports; and to fraudulently conceal their scheme from the victims and government regulators.

5.      Capital Crossing, Lehman Brothers, Hiren Patel, Edward Fitzgerald, The State Bank of Texas, Chandakrant Patel, Advanced Appraisal Group, Inc., Advanced Appraisal Consultants, Incorporated, Advanced Appraisal Consultants, LLC and William Daddono used false and inflated appraisals to fraudulently induce customers to purchase and refinance hotels and other commercial properties.

6.      By using false and inflated appraisals to transfer non-performing properties to the Plaintiffs, the Defendants converted the assets of Plaintiffs and used the Plaintiffs as a mere business conduit, instrument and tool solely for their own objective, benefit, and advantage, to the detriment of Plaintiffs.

7.      The proper disclosures by Lehman Brothers, Capital Crossing and Phoenix would have avoided substantial harm to Plaintiffs.

8.      Capital Crossing, Lehman Brothers, Hiren Patel, Edward Fitzgerald, SBT, the Advanced Appraisal companies and William Daddono made false statements of material fact to Plaintiffs, which Defendants intended to induce reliance thereon, which statements were false, and the falsity was known to Defendants, proximately causing injury and damage to Plaintiffs.

9.      The actions of Defendants, as alleged herein, were carried out in a knowing and intentional manner, and those actions have proximately caused Plaintiffs to suffer substantial damages in the form of economic and pecuniary losses, lost dividends, capital expenditures, capital contributions, equity, diminution in value of shares, lost profit, lost contracts,

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 30 of 38

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 31 of 38

distributions, returns, interest appreciation, and compensatory and special damages and those losses will continue in the future.

10.    The injuries and damages suffered by Plaintiffs are the direct and proximate result of Defendants' breaches of duty to refrain from fraud and fraudulent inducement.

11.    Defendants acted willfully and wantonly, and their acts were malicious and oppressive such that punitive damages should be assessed against them sufficient to deter the Defendants and others from engaging in such unlawful conduct in the future.

WHEREFORE, the Plaintiffs request judgment against LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO: WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD, jointly and severally, for a sum equal to the amount of damages awarded by a jury at trial of this matter. punitive damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

### Count 6

#### Aiding and Abetting Fraud

**LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX**

31

**ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD**

1.    The Counterplaintiffs reassert and reallege paragraphs 1 through 11 of Count 5 as if fully set forth at length herein.

2.    Defendants SBT, Lehman Brothers Bank, FSB, Lehman Brothers/GP Inc., Lehman Brothers Inc., Lehman Brothers Holdings Inc., Capital Crossing Servicing Company LLC, Capital Crossing Holdings LLC, Phoenix Asset Optimization LLC and Phoenix Asset Management LLC each owed a duty to Plaintiffs and others to refrain from aiding and abetting others in the making of false statements of material fact which the Defendants intended to induce reliance by Plaintiffs thereon, which statements were false, and the falsity was known to Defendants, so as not to proximately cause injury and damage to Plaintiffs; a duty to refrain from aiding and abetting fraud, so as not to proximately cause injury and damage to Plaintiffs; and other duties.

3.    Through the conduct of Defendants, as set forth from on or about January 1, 2001 to the present, the Defendants breached their duties owed to the Plaintiffs as aforesaid and aided and abetted the commission of fraud, described more specifically as follows:

4.    SBT, Capital Crossing and Lehman Brothers continued the operation of the fraud scheme with full knowledge that the appraisals by William Daddono which supported their customer files were fraudulent and inflated. Capital Crossing, Lehman Brothers and Phoenix participated and received excessive principal payments from the old NRB customers, proffered and endorsed the false appraisals in written and oral demands for payment from the victims, and

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-000141
PAGE 32 of 38

attempted to obtain new reports from Advanced Appraisal and staff after the liquidation of National Republic Bank.

5.     Capital Crossing, Edward F. Mehm, Robert E. Costello, Lehman Brothers, Hiren Patel, Edward Fitzgerald, State Bank of Texas, Chandakrant Patel, Advanced Appraisal Group, Inc., Advanced Appraisal Consultants, Incorporated, Advanced Appraisal Consultants, LLC and William Daddono used false and inflated appraisals to fraudulently induce customers to purchase and refinance the commercial properties.

6.     By using false and inflated appraisals to saddle Plaintiffs with toxic loans and impossible debt service payments, the Defendants converted the assets of Plaintiffs and used the Plaintiffs as a mere business conduit, instrument and tool solely for their own objective, benefit, and advantage, to the detriment of Plaintiffs.

7.     The proper disclosures to Defendants by Capital Crossing, Lehman Brothers and Phoenix would have avoided substantial harm to Plaintiffs.

8.     Capital Crossing, Lehman Brothers, Phoenix, State Bank of Texas, Chandrakant Patel, Hiren Patel, Edward Fitzgerald, Advanced Appraisal and William Daddono made false statements of material fact to Plaintiffs, which Defendants intended to induce reliance thereon, which statements were false, and the falsity was known to Defendants, proximately causing injury and damage to Plaintiffs.

9.     The actions of Defendants, as alleged herein, were carried out in a knowing and intentional manner, and those actions have proximately caused Plaintiffs to suffer substantial damages in the form of economic and pecuniary losses, lost dividends, capital expenditures, capital contributions, equity, diminution in the value of shares, lost profit, lost contracts,

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 33 of 38

distributions, returns, interest appreciation, and compensatory and special damages and those losses will continue in the future.

10.    The injuries and damages suffered by Plaintiffs are the direct and proximate result of Defendants' breaches of duty to refrain from fraud and fraudulent inducement.

11.    Defendants acted willfully and wantonly, and their acts were malicious and oppressive such that punitive damages should be assessed against them sufficient to deter the Defendants and others from engaging in such unlawful conduct in the future.

WHEREFORE, the Plaintiffs request judgment against LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD, jointly and severally, for a sum equal to the amount of damages awarded by a jury at trial of this matter, punitive damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 34 of 38

### Count 7

### Unjust Enrichment

**LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX**

34

**ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD**

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 35 of 38

1.      Defendants reassert and reallege paragraphs 1 through 88 of Count 1 above as if fully set forth at length herein.

2.      Phoenix, Lehman Brothers and Capital Crossing retained as a benefit to defendants' detriment that would be unjust for them to retain, the amounts paid to them in debt service and associated charges, the amounts illegally obtained by them, capital contributions, dividends, equity, profits, business opportunities, distributions, returns, interest appreciation, the value of services, expertise, consultancy, and room revenue, and other moneys and profits.

3.      Phoenix, Lehman Brothers and Capital Crossing must disgorge and turnover the sums wrongfully retained because the retention of the benefit violates principles of justice, equity and good conscience.

4.      The court must establish a constructive trust upon the assets of Phoenix, Lehman Brothers and Capital Crossing and order the immediate disgorgement and turnover of the amounts paid for capital reduction and interest on the loans, the capital contributions, renovation expenditures, distributions and the value of services, expertise, consultancy, profits garnered, compensatory damages, consequential damages, special damages, and for costs and attorneys' fees.

WHEREFORE, the Plaintiffs request judgment against LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET

MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD, jointly and severally, for a sum equal to the amount of damages awarded by a jury at trial of this matter, punitive damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 36 of 38

## Count 8

### Quantum Meruit

**LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD**

1.      Plaintiffs reassert and reallege paragraphs 1 through 88 of Count 1 above as if fully set forth at length herein.

2.      Defendants willfully and maliciously engaged in misconduct as described above and Plaintiffs suffered the loss of their revenue, lost future business, diminution in value of shares, compensatory damages and other losses as stated above, plus costs, interests and attorneys' fees.

3.      Plaintiffs are entitled to monetary sums under the principles of equity and *quantum meruit*.

36

WHEREFORE, the Plaintiffs request judgment against LEHMAN BROTHERS BANK, FSB; LEHMAN BROTHERS/GP INC.; LEHMAN BROTHERS INC.; LEHMAN BROTHERS HOLDINGS INC.; CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT LLC; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WILLIAM DADDONO; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; THE STATE BANK OF TEXAS; CHANDRAKANT PATEL; HIREN PATEL and EDWARD FITZGERALD, jointly and severally, for a sum equal to the amount of damages awarded by a jury at trial of this matter, punitive damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

Plaintiffs demand trial by a Jury of Twelve.

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 37 of 38

> **PLAINTIFFS**
> **DELAWARE MOTEL ASSOCIATES, INC.**
> **INDEPENDENCE MANAGEMENT**
> **ASSOCIATES, INC.; C. PATEL CO. LLC**
> **TURKEYFOOT LAKE ROAD LAND**
> **HOLDINGS, LLC; CHAMPAKBHAI N.**
> **PATEL and JASHVANTI C. PATEL**

> /s/    Paul Caghan

PAUL CAGHAN (A.R.D.C. #3123213)
LAW OFFICE OF PAUL CAGHAN, P.C.
*Attorney for Plaintiffs*
300 North LaSalle Street
Suite 4925
Chicago, Illinois 60654
(773) 469-8724
caghan@ameritech.net

ELECTRONICALLY FILED
1/30/2017 8:30 AM
2017-L-001041
PAGE 38 of 38

38