IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Delaware Motel Associates, Inc, et al.

Plaintiffs,

v.

Lehman Brothers Bank, FSB, et al.

Defendants.

Case No. 17 cv 1715

Honorable Matthew F. Kennelly

**LEHMAN DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT
UNDER FED. R. CIV. PR. 54(b)**

Defendants Lehman Brothers Bank, FSB and Lehman Brothers Holdings, Inc. ("the Lehman Defendants"), pursuant to Fed. R. Civ. Pr. 54(b), respectfully move for entry of judgment for the Lehman Defendants and other Lehman entities, for the following reasons:

1. Plaintiffs filed an eight-count complaint against the Lehman Defendants and others in the Circuit Court of Cook County on January 30, 2017. The complaint alleged claims for racketeering (Counts 1-3), fraud (Counts 4-6), unjust enrichment (Count 7) and quantum meruit (Count 8).

2. The case was removed to this Court based on federal question jurisdiction.

3. On April 19, 2017, the Lehman Defendants filed a Combined Motion for Summary Judgment and Motion to Dismiss. Doc. No. 30.

4. On April 20, following a status hearing before the Court, counsel for plaintiffs advised counsel for the Lehman Defendants that he would dismiss the Lehman Defendants with prejudice.

1

5. On April 24, plaintiffs filed a motion for leave to file an amended complaint against other existing defendants and to add more defendants. Doc. No. 36. In addition, the motion stated: "Plaintiffs seek to dismiss with prejudice the following defendants: Lehman Brothers Bank, FSB; Lehman Brothers, Inc.; Lehman Brothers/GP Inc.; Lehman Brothers Holdings, Inc." *Id.* at 10.

6. Therefore, the Lehman Defendants respectfully seek the entry of a final judgment order under Rule 54(b) dismissing the complaint in its entirety with prejudice as to the Lehman Defendants and the other Lehman entities.

7. When deciding whether to issue a final judgment under Rule 54(b), the court must decide whether the judgment is final and whether there is no just reason for delaying immediate appeal. *See Lojuk v. Johnson,* 1987 WL 18946, at *1-2 (N.D. Ill. Oct. 21, 1987). Here, the dismissal is with prejudice as to all claims against the Lehman Defendants and other Lehman entities, and thus, the judgment is final. *Id.* ("A decision with respect to an individual party in multi-party litigation is final when the claims regarding that party's rights and liabilities have been fully resolved."). Moreover, since the final judgment will resolve all claims against the Lehman Defendants and Lehman entities, there is no just reason to delay enforcement against those parties. *See Noel v. Hall,* 568 F.3d 743, 747 (9th Cir. 2009); *Fisher v. Asset Acceptance, LLC,* 2005 WL 1799275, at *3 (N.D. Ill. July 26, 2005) ("This order removes McMahan & Sigunick from this action . . . . Requiring [it] to monitor the status of this ongoing litigation . . is not in the interests of justice. Accordingly, the court certifies this order under Rule 54(b)."); *G.M. Hartson Const. Co. v. City of Chicago,* 2005 WL 3605268, at *1 (N.D. Ill. Oct. 20, 2005).

WHEREFORE, the Lehman Defendants respectfully entry of a final judgment pursuant to Fed. R. Civ. P. 54(b) dismissing the complaint against them with prejudice, and finding there is no just reason for delay.

Dated: April 25, 2017                                   Respectfully submitted,


                                                        /s/  Chris Gair
                                                        Chris Gair (ARDC # 6190781)
                                                        Kristi Nelson (ARDC # 6229943)
                                                        Gair Eberhard Nelson Dedinas Ltd
                                                        1 East Wacker Drive, Suite 2600
                                                        Chicago, IL 60601
                                                        (312) 600-4900