**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DELAWARE MOTEL ASSOCIATES, INC.; INDEPENDENCE MANAGEMENT ASSOCIATES, INC.; C. PATEL CO. LLC; TURKEY FOOT LAKE ROAD LAND HOLDINGS, LLC; CHAMPAKBHAI N. PATEL and JASHVANTI C. PATEL, ) ) ) ) ) ) ) | |
| Plaintiffs, ) | Case No.   17-cv-01715 |
| ) | |
| v.    ) | |
| ) | |
| CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES, RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY DEMAND** **ENDORSED HEREON**. |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT**

**NOW COME** the Plaintiffs DELAWARE MOTEL ASSOCIATES, INC.;

INDEPENDENCE MANAGEMENT ASSOCIATES, INC.; C. PATEL CO. LLC; TURKEY

FOOT LAKE ROAD LAND HOLDINGS, LLC; CHAMPAKBHAI N. PATEL and JASHVANTI

C. PATEL, by and through their attorney PAUL CAGHAN, and for their Amended Complaint against Defendants CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES, RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER, state as follows:

## Count 1

### Racketeer-Influenced Corrupt Organizations

### 18 U.S.C. 1962(c)

**CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES; RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER**

1.    This action arises under 18 U.S.C. Sec. 1962 *et seq*. as hereinafter more fully appears. This court has jurisdiction of this action pursuant to 28 U.S.C. Sec. 1331 as it arises under the Constitution, law or treaties of the United States.

2.    The proper venue in this case is the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. Sec. 1391, which is a judicial district where any Defendant resides, if all reside in the same state, and a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated.

3.    Plaintiffs DELAWARE MOTEL ASSOCIATES, INC.; INDEPENDENCE MANAGEMENT ASSOCIATES, INC.; C. PATEL CO. LLC; TURKEY FOOT LAKE ROAD LAND HOLDINGS, LLC; CHAMPAKBHAI N. PATEL and JASHVANTI C. PATEL bring this action against Defendants CAPITAL CROSSING SERVICING COMPANY LLC, a Delaware limited liability company; CAPITAL CROSSING HOLDINGS LLC, a Delaware limited liability company; PHOENIX ASSET OPTIMIZATION LLC, a Delaware limited liability company; PHOENIX ASSET MANAGEMENT LLC, a Delaware limited liability company; PHOENIX NPL, LLC, a Delaware limited liability company; PHOENIX REO, LLC, a Delaware limited liability company; THE STATE BANK OF TEXAS, a national banking association; TARRANT CAPITAL ADVISORS, INC., a Delaware corporation; TPG GLOBAL, LLC, a Delaware limited liability company; TPG CAPITAL, L.P., a partnership; TPG GROUP HOLDINGS (SBS) ADVISORS, INC., a Delaware corporation; TPG SPECIALTY LENDING, INC., a Delaware corporation; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC., an Illinois corporation; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED, an Illinois corporation; ADVANCED APPRAISAL CONSULTANTS, LLC, an Illinois limited

liability company; WOLIN & ROSEN, LTD., an Illinois corporation; SMITHAMUNDSEN LLC, an Illinois limited liability company; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES, RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER.

4.      Section 1962(c) of Title 18 of the U.S. Code provides that it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate and foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

5.      The racketeering enterprise described in this complaint is an association in fact comprised of the following members:  Hiren Patel; Edward Fitzgerald; Chandrakant Patel, The State Bank of Texas, William Daddono, Advanced Appraisal Consultants, Incorporated, Advanced Appraisal Group, Inc., Nicholas Lazares, Richard Wayne, Capital Crossing Servicing Company LLC, James G. Coulter, David Bonderman, TPG Global, LLC, and Tarrant Capital Advisors, Inc.

6.      All of the members of the enterprise were aware since 2006 that National Republic Bank was using inflated appraisals by William Daddono and Advanced Appraisal to defraud customers, sell its stock of foreclosed hotels and commercial properties, and place loans with the customers at inflated principal amounts.  The original members of the enterprise, Hiren Patel, Edward Fitzgerald, Chandrakant Patel, The State Bank of Texas, William Daddono and the Advanced Appraisal companies, began participation in 2003.

7.      The racketeering enterprise accomplished the rigging of appraisal values, *i.e.*, arranging for appraisers to write a set amount that is grossly inflated and determined in advance, and accomplished the decade-long use of false appraisals to sell hotels and motels at extortionate prices, often double the actual fair market value.

8. The enterprise arranged for and paid excessive compensation to William Daddono and his staff of professional appraisers at Advanced Appraisal in Itasca, Illinois to act in derogation of their professional obligations and to remain silent about their illegal activities.

9. The members of the association in fact had a shared goal and entered into a common plan and agreement to purchase, service and sell NRB's fraudulent commercial loan accounts; to use fraudulent appraisals by William Daddono and Advanced Appraisal in collection efforts; to write new loan packages with inflated principal based on the fraudulent appraisals; to sell seized and surrendered hotels and other commercial properties using the falsified appraisals; to obtain fraudulent appraisals from William Daddono and Advanced Appraisal; to continue with the illegal activities begun by NRB for the purpose of their own equity appreciation and to obtain incentive-based management fees from large institutional clients; to use inflated appraisals to sell commercial properties at exorbitant prices, to saddle customers with debt service that the properties could not sustain, to extract fraudulent debt service payments, to obtain execution on deficiency amounts from customers' personal assets, to reclaim the properties through foreclosure or surrender, to fraudulently conceal the scheme, and every other action necessary to profit from their criminal enterprise.

10. Special Agents of the Federal Deposit Insurance Corporation (Office of Inspector General, 300 S. Riverside Plaza, Chicago); U.S. Department of the Treasury (Office of Inspector General, 1425 New York Avenue, Washington, D.C.); and Board of Governors of the Federal Reserve System (Bureau of Consumer Financial Protection – Office of Inspector General, 200 S. Dearborn, Chicago), conducted an investigation in 2016 of National Republic Bank's false appraisal scheme.

11.     William Daddono, a defendant in the instant lawsuit, apparently went undercover and 'wore a wire' for the FDIC in the investigation.   William Daddono is currently incarcerated at the federal Metropolitan Correctional Center in Chicago.  The FDIC has failed and refused to turnover materials pertinent to the investigation.

12.     The RICO enterprise has an ongoing structure of persons associated through time, joined in purpose and organized in a manner amenable to hierarchical or consensual decision-making.  The hierarchical structure consists of several tiers, as follows:

13.     The first tier of the racketeering enterprise ("Tier 1") consists of Edward Fitzgerald; Hiren Patel; Chandrakant Patel, The State Bank of Texas, William Daddono, Advanced Appraisal Consultants, Incorporated, Advanced Appraisal Group, Inc., Nicholas Lazares, Richard Wayne, Capital Crossing Servicing Company LLC, James G. Coulter, David Bonderman, TPG Global, LLC, and Tarrant Capital Advisors, Inc.

14.     The second tier of the racketeering enterprise ("Tier 2") consists of Erica Fitzgerald and Kaushik Soni of National Republic Bank, Rajan C. Patel and Sushil C. Patel of State Bank of Texas, Joshua Easterly and Alan Waxman of TPG Specialty Lending, Inc. and TPG Opportunities Partners, L.P., Robert E. Costello and Demetrios Kyrios of Capital Crossing Servicing Company LLC, and Anthony Daddono, Salvatore Louise and Steven Keeler of Advanced Appraisal Group.

15.     The third tier of the racketeering enterprise ("Tier 3") consists primarily of attorneys who knowingly prepare, disseminate and enforce the fraudulently inflated loans and modifications including attorneys at Wolin & Rosen, Ltd., SmithAmundsen LLC, Arnstein & Lehr LLP and Chapman & Cutler.

16.     From the first tier, Edward Fitzgerald is the former director and president of National Republic Bank.  Hiren Patel is the former chairman of the board and CEO of National Republic Bank.

17.     The racketeering enterprise was motivated by Hiren Patel and Edward Fitzgerald who were personally liable for millions of dollars in penalties if National Republic Bank did not sell off many of its foreclosed hotels and motels.

18.     In 2003, the U.S. Comptroller of the Currency and National Bank Examiner found that National Republic Bank had an excessively high outstanding balance of loans to the hotel/motel industry. (See *Consent Order*, #2003-69, *In the Matter of National Republic Bank*, U.S. Department of the Treasury, Office of the Comptroller of the Currency, July 2, 2003).  The Treasury Department and the Bank's directors entered into a Consent Order which outlined a remedial plan to decrease the outstanding balance of the hotel/motel loans. As Directors of the bank, Hiren Patel and Edward Fitzgerald were signatories to the Consent Order.  (*Id.*)

19.     The 2003 Consent Order required the bank to meet targets for the ratio of loans to the hotel/motel industry.  Failure to meet the targets for Tier 1 and Tier 2 capital would obligate the Directors to make capital injections into the bank.  The Order required the payment of six million ($6,000,000.00) by September 30, 2003. (*Id.*, pp. 1-8).

20.     Pursuant to the Order, failure to meet Tier 1 and Tier 2 capital requirements going forward would have required Hiren Patel and Edward Fitzgerald, as Directors, to pay millions of dollars out of their own pockets for injection into the bank. (*Id.*)

21.     In April 2010, the U.S. Comptroller of the Currency found that National Republic Bank had "unsafe and unsound banking practices relating to concentrations of credit" and barred National Republic Bank from any new commercial loans without prior permission of the Assistant

Deputy Comptroller of the Currency. However, the restriction did not apply to "the renewal, extension, or restructuring of any loan, provided no new funds are advanced". (See *Agreement by and Between The National Republic Bank of Chicago and The Comptroller of the Currency, #2010-077, In the Matter of National Republic Bank*, U.S. Department of the Treasury, Office of the Comptroller of the Currency, April 2, 2010, pp. 1, 6-7).

22.     From 2003 or earlier through its demise in 2014, National Republic Bank generated and used William Daddono's appraisal reports to justify the sale of hotels and motels to bank customers at fraudulently high prices and principal amounts.

23.     William Daddono is the owner of Advanced Appraisal and a major player in the scheme to falsify value conclusions in commercial real estate appraisals for National Republic Bank. William Daddono is currently incarcerated at the Metropolitan Correctional Center, Chicago.

24.     TPG Capital is the beneficial owner of the entities Phoenix NPL, LLC, Phoenix REO, LLC and Phoenix Grantor Trust. Capital Crossing is a servicer that operates and manages the real estate for TPG Capital.

25.     Phoenix NPL, LLC, Phoenix REO, LLC and Phoenix Grantor Trust are shell corporations that are subordinate to TPG Capital and Capital Crossing and serve as parties in litigation.

26.     Phoenix REO, LLC generally holds performing loan accounts and Phoenix NPL, LLC holds non-performing loans ("NPL").

27.     Defendants TPG Global, LLC, Tarrant Capital Advisors, Inc., TPG Capital, L.P., TPG Specialty Lending, Inc. and TPG Opportunities Partners, L.P. (collectively "TPG Capital")

are owned by David Bonderman and James G. Coulter who have been the strategic decision-makers and day to day managers of the companies since 2011.

28.     Capital Crossing Servicing Company LLC ("Capital Crossing") is owned by Nicholas Lazares and Richard Wayne who are the strategic decision-makers and day to day managers and have been since 2008. Capital Crossing is the exclusive service provider for administration and management of TPG Capital's commercial real estate assets.

29.     After National Republic Bank was liquidated by the FDIC, the TPG Capital entities purchased and accepted assignments of the failed bank's non-performing loans (NPL) with a face value of six hundred million ($600,000,000.00) dollars.

30.     The State Bank of Texas purchased and accepted assignments from the FDIC of performing loans with a face value of three hundred million ($300,000,000.00) dollars.

31.     The false and inflated value conclusions in William Daddono's appraisal reports continuously supplied Capital Crossing, TPG Capital, Hiren Patel, Edward Fitzgerald, Chandrakant Patel and State Bank of Texas with written misrepresentations for use in defrauding customers.

32.     William Daddono and his associates manipulated the appraisals to match the pre-arranged target valuations for National Republic Bank. The targets were selected by Hiren Patel and Edward Fitzgerald and provided to William Daddono by Edward Fitzgerald, Erica Fitzgerald (Bernson), Kaushik Soni and others at National Republic Bank and Advanced Appraisal.

33.     William Daddono would regularly generate a false appraisal for about twice the actual fair market value, or a markup of one hundred (100%) percent.

34.     An important part of the enterprise was its efforts to conceal the existence of the fraud scheme and to ensure silence about their continuing illegal activities. The members of the

association in fact worked together to conceal the following facts: (1) The hotel and motel loans written by National Republic Bank from around 2003 were largely based on false appraisals generated by William Daddono and his staff at Advanced Appraisal Group in Itasca, Illinois; (2) The value conclusions in the appraisals were inflated by about one hundred (100%) percent as a pattern of fraud; (3) The inflated appraisals persuaded unsuspecting customers to enter into hotel or commercial loans with excessive principal that could not be successfully repaid; (4) The hotel and motel loans held by National Republic Bank were inflated because of false appraisals.

35.     William Daddono had an exclusive contract with Hiren Patel of National Republic Bank to provide real estate appraisals for almost all hotels and other commercial properties financed by the bank in the Midwest. The Midwest Region included Illinois, Indiana, Wisconsin, Ohio and Michigan.

36.     From 2003 through 2014, upon the instruction of Hiren Patel, chairman of National Republic Bank, bank president Edward Fitzgerald emailed, met, mailed and spoke in person and by telephone with William Daddono and arranged for appraisal reports to reflect the specific inflated values that the bank desired.

37.     The plan by the individual members of the association in fact was to facilitate the continuation of the racketeering enterprise by the purchase and assignment to The State Bank of Texas and TPG Capital of the failed bank's loans.

38.     From on or about January 2006 through 2014, upon the instruction of Hiren Patel, bank president Edward Fitzgerald had contacts and communications with David Bonderman, top officials at Capital Crossing, Chandrakant Patel of The State Bank of Texas and top officials of TPG Capital to arrange the continuation of the fraud scheme and profit-sharing among members. Hiren Patel, Edward Fitzgerald and subordinates had regular contacts and communications with

other members of the enterprise, State Bank of Texas and TPG Capital, to arrange the transfer of illegal profits and revenue after the bank failed.

39.     Hiren Patel, Edward Fitzgerald, State Bank of Texas, Chandrakant Patel, Capital Crossing, TPG Capital and William Daddono seized control of previously legitimate firms, Advanced Appraisal Group and Advanced Appraisal Consultant, and used their resources, contacts, facilities and appearance of legitimacy to perpetrate more, and less easily discovered, criminal acts than they could do alone.

40.     The association in fact has longevity because Hiren Patel, Edward Fitzgerald, Chandrakant Patel, The State Bank of Texas, Nicholas Lazares, Richard Wayne, Capital Crossing, James G. Coulter, David Bonderman and the TPG Capital entities will continue to receive payments and profit from the fraud scheme, continue to threaten and receive garnishments and seizures of the victims' assets, continue to use false and inflated appraisals to extort the victims, continue to commit hundreds of predicate acts of wire fraud and mail fraud, continue to arrange the writing of new loan packages with inflated principal amounts based on appraisals known to be fraudulent; continue to demand and seize the surrender of hotels and commercial properties in the Midwest Region that fail due to the inflated loans; continue to obtain fraudulent appraisals from appraisers willing to accept excess remuneration in exchange for writing false and inflated appraisals in support of the fraudulent appraisals by William Daddono, and continue to fraudulently conceal their own criminal activity.

41.     Hiren Patel, Edward Fitzgerald, Chandrakant Patel, The State Bank of Texas, Nicholas Lazares, Richard Wayne, Capital Crossing, James G. Coulter, David Bonderman and the TPG Capital entities, for the purpose of executing the fraud scheme, did knowingly cause to be transmitted by means of the United States Mail communications to the plaintiffs, which

communications attached or referenced the false and misleading appraisals for the property; in violation of Title 18, United States Code, Section 1341, and did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs and signals, namely, electronic and written communications, requests for payment of the fraudulent accounts, and the appraisals; in violation of Title 18, United States Code, Section 1343.

42.     State Bank of Texas, TPG Capital and Capital Crossing and their top executives and day to day managers made a strategic business decision to participate in the false appraisal scheme for their own personal profit, to maintain their current jobs, to control the millions of dollars of revenue and hundreds of jobs associated with servicing, managing, financing and administration of the customer accounts, and to avoid possible criminal charges.

43.     David Bonderman, Chandrakant Patel, Nicholas Lazares, State Bank of Texas and Capital Crossing knew that the loans were fraudulent because of false appraisals as early as 2006. State Bank of Texas, TPG Capital and Capital Crossing were waiting in the wings for years to acquire the loans.

44.     Section 1962(c) of Title 18 of the U.S. Code provides that it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate and foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

45.     The predicate acts by members of the enterprise violated the following provisions of Title 18, United States Code:  section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to fraud against financial institutions), section 1951 (relating to interference with commerce by threats), and section 1957 (engaging in monetary transactions in property derived from specified unlawful activity).

46.     Section 1344 of the anti-racketeering law, Title 18 U.S. Code § 1344, provides as follows:  "Whoever knowingly executes, or attempts to execute, a scheme or artifice— (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

47.     Edward Fitzgerald and Hiren Patel, officers of the failed bank, from 2003 through 2014 committed hundreds of predicate acts that violated the provisions of Title 18 U.S. Code § 1344 by failing to disclose that the loans guaranteed by the SBA were based on false and inflated appraisals. Edward Fitzgerald and Hiren Patel and defrauded the U.S. Small Business Administration, a financial institution, and SomerCor 504, Inc., a financial institution, in hundreds of commercial loans during that time period.  The U.S. Small Business Administration and SomerCor 504, Inc. specifically required and relied upon electronically submitted appraisals in the approval process for SBA loans.

48.     As in hundreds of cases for hotels and other commercial properties, Edward Fitzgerald and Hiren Patel, as officers of National Republic Bank of Chicago, committed overt acts in violation of Title 18 U.S. Code § 1344 on May 5, 2006 by failing to disclose to the SBA and SomerCor 504, Inc. that the Authorization for Debenture Guarantee of the SBA 504 Loan to Orenash, Inc. dba Mobil Gas Station, 21801 West Grant Highway, Marengo, Illinois, was obtained by fraud.

49.     State Bank of Texas committed multiple predicate acts in violation of Title 18 U.S. Code § 1344 from 2014 through 2017 by execution of security agreements to its lenders pledging the old National Republic Bank commercial accounts as collateral but failing to disclose to the

lenders its prior knowledge that the loans were obtained by fraud and the commercial accounts may be valueless.

50.     TPG Capital committed multiple predicate acts in violation of Title 18 U.S. Code § 1344 from 2014 through 2017 by execution of security agreements pledging the old National Republic Bank commercial accounts as collateral but failing to disclose that the loans were obtained by fraud and the commercial accounts may be valueless.

51.     Capital Crossing committed multiple predicate acts in violation of Title 18 U.S. Code § 1344 from 2014 through 2017 by submission of financial statements and federal tax returns to creditors and the IRS incorporating the wrong administrative fees based on inflated values of the old National Republic Bank commercial accounts.

52.     A scheme to deprive civil defendants of money by fraudulently conducted lawsuits is mail fraud or wire fraud.   Electronic filing of pleadings in U.S. District Court or local state courts constitutes communication by means of wire for purposes of 18 U.S.C. Sec. 1962 *et seq*.

53.     State Bank of Texas, Capital Crossing and TPG Capital committed hundreds of predicate acts of wire fraud and mail fraud in violation of Title 18, U.S. Code, sections 1341 and 1343 by the filing and pursuit of fraudulent collection claims and lawsuits from 2014 through the present.  Wire fraud and mail fraud has become an integral part of State Bank of Texas, Capital Crossing and TPG Capital's regular course of business.

54.     TPG Capital and Capital Crossing committed more than 24 overt acts that constituted predicate acts of wire fraud and mail fraud from April 1, 2015 through April 1, 2017 by electronic transmission and mailing of false and fraudulent account statements and demands for payment to plaintiffs Shashtriji, Inc., Pramod Patel, Pradyuman Shah and Ghanshyam K. Patel.

55.     TPG Capital and Capital Crossing committed predicate acts of mail fraud on August 19, 2016 by mailing a notice of hearing and motion for default judgment in the lawsuit known as *Phoenix REO, LLC v. Shashtriji, Inc*. to Pramod Patel, Sunita Patel, Ghanshyam K. Patel, Hiralkumar Patel and Priyanka Patel.   These predicate acts were part of a scheme to deprive civil defendants of money through fraud in violation of Title 18, United States Code, Section 1341. (See *Phoenix REO, LLC v. Shashtriji, Inc.*, Case No. 15-cv-10697, USDC-NDIL, Notice of Hearing and Motion for Default Judgment).

56.     TPG Capital and Capital Crossing committed predicate acts of wire fraud in violation of Title 18, United States Code, section 1343 on May 12, 2015 by the electronic filing of a fraudulent complaint against Shailesh Shah and Bhavna Shah in a scheme to deprive civil defendants of money through fraud.  (See *Phoenix NPL, LLC v. Shailesh Shah*, Case No. 2015 L 000446, Circuit Court of DuPage County, Complaint).

57.     TPG Capital and Capital Crossing committed more than twenty-four (24) predicate acts of wire fraud in violation of Title 18, United States Code, section 1343 from May 1, 2015 through April 1, 2017 by electronic transmission of fraudulent account statements and demands for payment to Shailesh Shah and Bhavna Shah as Trustee of the Bhavna Trust U/T/A 3/24/06.

58.     TPG Capital and Capital Crossing committed predicate acts of wire fraud on June 23, 2016 by electronic filing of a fraudulent claims against Delaware Motel Associates, Inc. and others in Delaware County, Ohio.  These predicate acts violated the provisions of Title 18, United States Code, section 1343. (See *Phoenix Grantor Trust v. Delaware Motel Associates, Inc.*, Case No. 16-CVE-06-0383, Court of Common Pleas, Delaware County, Ohio).

59.     TPG Capital and Capital Crossing committed predicate acts of wire fraud in violation of Title 18, United States Code, section 1343 on June 23, 2016 by electronic filing of

fraudulent collection lawsuits against Independence Management Associates, Inc. and others in Cuyahoga County, Ohio. The predicate acts were a scheme by TPG Capital and Capital Crossings to deprive civil defendants of money through fraud. (See *Phoenix Grantor Trust v. Champakbhai Patel*, Case No. cv-16-865160, Court of Common Pleas, Cuyahoga County, Ohio).

60.     TPG Capital and Capital Crossing committed predicate acts of wire fraud on March 30, 2017 by the electronic filing of a motion for default judgment against Champakbhai Patel and Trustees of The Patel Family Trust in Franklin County, Ohio. These predicate acts were part of a scheme by TPG Capital and Capital Crossings to deprive civil defendants of money through fraud in violation of Title 18, United States Code, section 1343. (See *Phoenix REO, LLC v. Champakbhai Patel*, Case No. 16-cv-005981, Court of Common Pleas, Franklin County, Ohio).

61.     The State Bank of Texas committed twenty-four (24) predicate acts of wire fraud from May 1, 2015 through May 1, 2017 by the electronic transmission of false and fraudulent account statements and demands for payment to Kautilya Rocky River LLC, an Ohio limited liability company, Kiritkumar B. Patel and Kanchenben Patel. The predicate acts were part of a scheme to deprive civil defendants of money through fraud in violation of Title 18, United States Code, section 1343.

62.     Hiren Patel and Edward Fitzgerald, the officers of the failed bank, committed predicate acts of wire fraud on September 14, 2012 in violation of Title 18, United States Code, section 1343 by electronically filing a fraudulent collection lawsuit against Kautilya Rocky River, LLC, an Ohio limited liability company, Kiritkumar B. Patel and Kanchenben Patel. The predicate acts were part of a scheme to deprive civil defendants of money through fraud using false appraisals by William Daddono and Advanced Appraisal in violation of Title 18, United States

Code, section 1343,. (See *State Bank of Texas v. Kautilya Rocky River LLC*, Case No. 12 L 10429, Circuit Court of Cook County, Illinois, Complaint).

63. The State Bank of Texas committed multiple predicate acts of wire fraud on November 4, 2016 by the electronic filing and communication of an affidavit by Rajan C. Patel, Senior Vice President of State Bank of Texas, attesting to fraudulently-obtained principal amounts claimed to be owed by Kautillya Rocky River LLC. (See *State Bank of Texas v. Kautilya Rocky River LLC*, Case No. 12 L 10429, Circuit Court of Cook County, Illinois, Affidavit of Rajan C. Patel).

64. State Bank of Texas, TPG Capital and Capital Crossing committed hundreds of predicate acts of wire fraud and mail fraud from October 24, 2014 through April 24, 2017 in violation of Title 18, U.S. Code, Sections 1341 and 1343, by using the fraudulent appraisals by William Daddono and Advanced Appraisal in their collection efforts; arranging the writing of new loan packages with inflated principal based on appraisals known by them to be fraudulent; demanding and seizing the surrender of hotels and other commercial properties in the Midwest Region that failed due to the inflated loans; obtaining fraudulent appraisals from William Daddono or staff at Advanced Appraisal in Itasca, Illinois; knowingly transmitting, endorsing and recommending reliance by lenders upon the false and inflated appraisals; directing and arranging new loan packages and modifications with the same inflated principal amounts; supervising and causing the successful underwriting of hotel and other commercial loans based on false appraisals; by fraudulently concealed their own criminal activity, and by other misconduct to be revealed.

65. State Bank of Texas, TPG Capital and Capital Crossing, for the purpose of executing the fraud scheme, did knowingly cause to be transmitted by means of the United States Mail communications to the plaintiffs, which communications attached or referenced the false and

misleading appraisals for the property; in violation of Title 18, United States Code, Section 1341, and did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs and signals, namely, electronic and written communications, requests for payment of the fraudulent accounts, and the appraisals; in violation of Title 18, United States Code, Section 1343.

66.     State Bank of Texas, TPG Capital and Capital Crossing, for the purpose of executing the fraud scheme, did knowingly cause to be transmitted by means of the United States Mail to Plaintiffs and their representatives which communications referenced or attached the false and misleading appraisals and fraudulent demands for payment of principal balances and debt service for the property; in violation of Title 18, United States Code, Section 1341, and by many other overt acts of mail fraud and wire fraud.

67.     State Bank of Texas, TPG Capital and Capital Crossing, for the purpose of executing the above-described scheme, from on or about January 1, 2014 through April 1, 2017, and thereafter, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs and signals, namely, an interstate wire transfer of funds from the wire account of Capital Crossing or its affiliates to its client which funds represented transfer of fraudulently obtained debt service payments for the property; in violation of Title 18, United States Code, Section 1343.

68.     The mass filing and pursuit of fraudulent lawsuits in state and federal courts by TPG Capital, Capital Crossing and State Bank of Texas also violates the provisions of 18 U.S.C. Sec. 1951, relating to interstate commerce.

69.     Section 1951 prohibits extortion by any threat, the carrying out of which would obstruct commerce.   Wrongful use of fear does not require an overt threat; the wrongful use of

fear is satisfied if the extortioner extorts the victim's fear of economic loss, which has happened to the plaintiffs in the instant lawsuit.

70.     State Bank of Texas, Capital Crossing and TPG Capital committed extortion under 18 USCS § 1951 by the generation of fear in the commercial account customers accompanied by a conspiracy by the racketeering enterprise to extort with a plan to instill fear.   State Bank of Texas, Capital Crossing and TPG Capital engaged in misconduct that brings about a state of mind of fear of financial loss.   This constitutes extortion under 18 USCS § 1951.

71.     The mass filing and pursuit of thousands of fraudulent lawsuits in state and federal courts by State Bank of Texas, Capital Crossing and TPG Capital violates the provisions of 18 U.S.C. Sec. 1951.

72.     State Bank of Texas, TPG Capital and Capital Crossing committed predicate acts in violation of Title 18, United States Code, Section 1951 from 2014 through 2017 by engaging in a scheme to inundate the judicial system and the debtors with thousands of collection cases without regard to their merit, and to commit repeated illegal acts in connection with such litigation including suborning false testimony.   State Bank of Texas, TPG Capital and Capital Crossing committed the predicate acts in a scheme to deprive civil defendants of money by fraudulently conducted lawsuits.

73.     Section 1344 of the anti-racketeering law, Title 18 U.S. Code § 1344, provides as follows:   "Whoever knowingly executes, or attempts to execute, a scheme or artifice— (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

74.      State Bank of Texas, TPG Capital and Capital Crossing violated the provisions of Title 18, U.S. Code, section 1344 and defrauded the U.S. Treasury Department, a financial institution, and the FDIC of millions of dollars of capital injections by fraudulently concealing National Republic Bank's inflated appraisal scheme involving hotels and commercial properties. State Bank of Texas, TPG Capital and Capital Crossing participated in and then failed to report to regulators the existence of the fraud scheme making the old National Republic Bank commercial accounts potentially valueless.

75.      State Bank of Texas, TPG Capital and Capital Crossing agreed to keep track of the extra costs that cannot be carried on the books such as extra compensation to William Daddono and his appraisers to produce new false appraisals, excessive compensation to the attorneys for preparation of the fraudulent loan documents, fees for court clerks, sheriffs, process servers and auctioneers to collect and resell the forfeited commercial properties, and to regularly replenish the fund as necessary from the scheme itself.  This effectively created a separate fund using sources such as the victims' equity and debt service to pay ongoing expenses of the racketeering scheme.

76.      Expenses such as excessive fees and compensation to William Daddono and his companies for generating the false appraisals, legal fees to Wolin & Rosen Ltd., SmithAmundsen LLC and other attorneys for the loan documents, and filing fees to court clerks for foreclosure and collection suits, sheriffs' fees and other expenses were made in violation of Title 18, United States Code, Section 1957.

77.      State Bank of Texas, TPG Capital and Capital Crossing inhibited, frustrated and prevented discovery of the existence of the R.I.C.O. claims by their acts of fraudulent concealment.

78.      Plaintiffs could not have been aware of the Defendants' R.I.C.O. violations until on or about October 2016 when details emerged from the ongoing investigation by the U.S.

Department of Treasury, Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation.

79.     It was unforeseeable to Plaintiffs and to a reasonable person that Defendants would violate the R.I.C.O. law by using false and inflated appraisals to sell and refinance hotels and other commercial properties.

80.     The Plaintiffs were duly diligent in discovering the existence of their claims.

81.     Plaintiffs did not have sufficient notice of any possible R.I.C.O. violation or the other claims until on or about October 2016 when Plaintiffs learned of the federal investigation ongoing by Special Agents of the U.S. Treasury, Federal Deposit Insurance Corporation and the Federal Reserve.  Defendants wrongful concealment prevented the plaintiffs' discovery of the nature of the claim.  Plaintiffs were duly diligent in pursuing discovery of the claim.

82.     As a direct and proximate result of Defendants' use and investment of the proceeds of the racketeering enterprise, the Plaintiffs suffered financial and pecuniary damages of lost equity in the property, renovation expenditures, lost capital injections, developer's fees, management fees, diminution in value of shares, compensatory damages, special damages, lost profits, lost contracts, lost revenue and other economic and pecuniary injuries, and mental suffering, psychological damage, nervousness, fear, stress, worry and anxiety and such injuries, damages and losses will continue in the future.

83.     The Plaintiffs would not have invested money in the property but for the misrepresentations by Defendants that the cash value of alternative investments of those funds by Plaintiffs would at all times have been higher than the value of owning the property.

84.     The use and investment of the racketeering income was a proximate cause of economic and pecuniary injuries and damages to Plaintiffs.  The down payments and part of the

debt service were used to pay the appraisers for false appraisals, the attorneys for concealing and secreting their knowledge of the false appraisals and inflated principal amounts, the court clerks and court recorders for filing and recording fees, the sheriffs for service of process, and other expenses; in violation of Title 18, United States Code, Section 1957.

85.    Defendants violated Title 18 U.S.C. Sec. 1962(a), (c) and (d) and formed a scheme to defraud, used the mail and wires in furtherance of that scheme, and had the requisite intent to defraud.

86.    Pursuant to the provisions of Title 18 U.S.C. Sec. 1964(c), Plaintiffs seek damages for injuries to business and property by reason of a violation of 18 U.S.C. § 1962 and threefold the damages thus sustained and the cost of the suit, including a reasonable attorney's fee.

**WHEREFORE**, the plaintiffs request judgment against CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES, RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER, jointly and severally, for the sum of $25,000,000.00, treble damages, all other and further relief to which defendants may be entitled at law or in equity;

and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

## Count 2

### Racketeer-Influenced Corrupt Organizations

### 18 U.S.C. 1962(d) Conspiracy

**CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES; RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER**

1.     The Plaintiffs reassert and reallege paragraphs 1 through 86 of Count 1 as if fully set forth at length herein.

2.     The conspiracy committed by Defendants in violation of 18 U.S.C. 1962(d), was to have a shared goal and enter into a common plan and agreement to purchase, service and sell NRB's fraudulent commercial loan accounts;  to use fraudulent appraisals by William Daddono and Advanced Appraisal in collection efforts;  to write new loan packages with inflated principal based on the fraudulent appraisals; to sell seized and surrendered hotels and other commercial properties using the falsified appraisals; to obtain fraudulent appraisals from William Daddono and Advanced Appraisal; to continue with the illegal activities begun by NRB for the purpose of their own equity appreciation and to obtain incentive-based management fees from large institutional clients; to use inflated appraisals to sell commercial properties at exorbitant prices, to saddle customers with debt service that the properties could not sustain, to extract fraudulent debt

23

service payments, to obtain execution on deficiency amounts from customers' personal assets, to reclaim the properties through foreclosure or surrender, to fraudulently conceal the scheme, and to commit any misconduct necessary to profit from the criminal enterprise.

3.      The use of the mails for purposes of effectuating the above-described scheme to defraud the victims, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C. Sec. 1964(c).

4.      The alleged predicate acts and the specific statutes allegedly violated by each predicate act include acts that violate the following provisions of Title 18, United States Code: section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to fraud against financial institutions), section 1951 (relating to interference with commerce by threats or violence) and section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful acts).

5.      As a direct and proximate result of Defendants' use and investment of the proceeds of the racketeering enterprise, the Plaintiffs suffered millions of dollars in damages in lost capital and equity in the property, loss of renovation expenditures, capital injections, developer's fees, and management fees, diminution in value of shares, lost profits, lost contracts, lost revenue and business opportunities and other economic and pecuniary injuries and will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiffs request judgment against CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES, RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER, jointly and severally, for the sum of $25,000,000.00, treble damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

### Count 3

### Racketeer-Influenced Corrupt Organizations

### 18 U.S.C. 1962(a) Investment of Proceeds

**CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES; RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER**

1.     The Plaintiffs reassert and reallege paragraphs 1 through 86 of Count 1 as if fully set forth at length herein.

2.     The Plaintiffs were injured by predicate acts made possible by the racketeering members' internal investment and use of the proceeds of prior predicate acts, in violation of 18 U.S.C. Sec. 1957.

3.     In violation of 18 U.S.C. Sec. 1962(a), the income derived from the pattern of racketeering activity was received by Defendants.

4.     The activities of Hiren Patel; Edward Fitzgerald; Chandrakant Patel, The State Bank of Texas, William Daddono, Advanced Appraisal Consultants, Incorporated, Advanced Appraisal Group, Inc., Nicholas Lazares, Richard Wayne, Capital Crossing Servicing Company LLC, James G. Coulter, David Bonderman, TPG Global, LLC, and Tarrant Capital Advisors, Inc. constituted a pattern of racketeering activity and Counter-defendants then invested the proceeds from racketeering in an enterprise, thereby violating section 1962(a).  The Defendants also caused injury from the predicate fraudulent misrepresentations, and from subsequent use or investment of the proceeds.

5.     Defendants, for the purpose of executing the scheme to defraud, transmitted and caused to be transmitted communications by means of wire in interstate commerce. Such interstate communications by wire included, without limitation, emails and telephone calls to the victims, emails and telephone calls by the borrowers, electronic communications sent to customers, communications among members of the racketeering enterprise, and other wire communications.

6.     The use of the mails for purposes of effectuating the above-described scheme to defraud, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to

defraud, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C. Sec. 1964.

7.      As a direct and proximate result of the violations of the R.I.C.O. law by Defendants, the Plaintiffs were injured and suffered damages including economic and pecuniary losses, compensatory damages, attorneys' fees, loss of wages, loss of business, lost profits, diminution in value of shares, lost contracts and other expenses and losses and will continue to suffer such losses and damages in the future.

8.      Plaintiffs are entitled to treble damages, costs of suit and attorneys' fees pursuant to 18 U.S.C. Sec. 1964(c).

**WHEREFORE**, the Plaintiffs request judgment against CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES, RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER, jointly and severally, for the sum of $25,000,000.00, treble damages, all other and further relief to which defendants may be entitled at law or in equity;

and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

**Count 4**

**Consumer Fraud and Deceptive Practices Act**

**815 ILCS 505/1** *et seq.*

**CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES; RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER**

1.      The Plaintiffs reassert and reallege paragraphs 1 through 86 of Count 1 as if fully set forth at length herein.

2.      The Defendants engaged in a deceptive practice as aforesaid, including but not limited to the use or employment of deception, fraud, false pretense, false promise, and misrepresentation; and the concealment, suppression or omission of any material fact with intent that others rely upon the concealment, suppression or omission of such material fact.

3.      This occurred in the conduct of trade or commerce.

4.      Defendants intended Plaintiffs to rely on the deceptions contained in the appraisals.

5.      The representation as to value in each of the real estate appraisals of the property was made as a statement of fact for the listener to rely upon, is treated as a statement of fact and the speaker is bound thereby.

6.     Plaintiffs suffered financial and pecuniary damages of lost equity in the property, renovation expenditures, lost capital injections, developer's fees, management fees, diminution in value of shares, compensatory damages, special damages, lost profits, lost contracts, lost revenue and other economic and pecuniary injuries and such damages and losses will continue in the future.

7.     The practice offends public policy and is oppressive.  It implicates the state's interest in protecting its consumers.

8.      There is a nexus between the Defendants' conduct and general consumer protection concerns because the Defendants participated in an industry-wide practice of consumer fraud which has threatened public injury and substantial injury to consumers in general.

9.     TPG Capital, Capital Crossing and State Bank of Texas acted intentionally and with reckless disregard of the truth.

10.     TPG Capital, Capital Crossing and State Bank of Texas were aware that the officers of the failed bank, had engaged in fraudulent transactions regarding loan files now owned and controlled by them.

11.     Nevertheless, TPG Capital, Capital Crossing and State Bank of Texas failed to bring those transfers (or the possibility of additional fraudulent transactions) to the attention of the Borrowers, including Plaintiffs.

13.     Use of a fraudulent and inflated appraisal is actionable under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 *et seq.*, as a fraudulent misstatement of fact.

14.     The Plaintiffs were not experienced businessmen.

15.     Plaintiffs did not have an opportunity to learn the truth about the inflated principal balances on their loans, the fraudulent debt service payments and the inflated appraisals until

details of the investigation by the FDIC, Federal Reserve and U.S. Treasury Department emerged in October 2016.

16.     As a direct and proximate result of the violations of the Illinois Consumer Fraud and Deceptive Practices Act by Hiren Patel; Edward Fitzgerald; Chandrakant Patel, The State Bank of Texas, William Daddono, Advanced Appraisal Consultants, Incorporated, Advanced Appraisal Group, Inc., Nicholas Lazares, Richard Wayne, Capital Crossing Servicing Company LLC, James G. Coulter, David Bonderman, TPG Global, LLC, and Tarrant Capital Advisors, Inc., those actions have caused the Plaintiffs to suffer substantial damages in the form of millions of dollars of economic and pecuniary losses, lost dividends, capital expenditures, capital contributions, diminution in value of shares, lost equity, business opportunities, distributions, returns, interest appreciation, compensatory damages and special damages and those losses will continue in the future.

**WHEREFORE**, the Plaintiffs request judgment against CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES, RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER, jointly and severally, for a sum equal to the amount

of damages awarded by a jury at trial of this matter, punitive damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

## Count 5

### Fraud

**CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES; RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER**

1. Plaintiffs reassert and reallege paragraphs 1 through 86 of Count 1 as if fully set forth at length herein.

2. Defendants each owed a duty to Plaintiffs and others to refrain from making false statements of material fact which the Defendants intended to induce reliance by Plaintiffs thereon, which statements were false, and the falsity was known to Defendants, so as not to proximately cause injury and damage to Plaintiffs; a duty to refrain from fraud with intent to deceive, so as not to proximately cause injury and damage to Plaintiffs; and other duties.

3. Through the conduct of Defendants, as set forth from on or about January 1, 2003 to the present, the Defendants breached their duties owed to the Plaintiffs as aforesaid and committed fraud, described more specifically as follows:

4. Defendants entered into a common plan and agreement to defraud victims including Defendants using false and inflated appraisals; to usurp, divert and convert to their own use the

capital, cash, equity, revenues and profits belonging to the victims; to continuously endorse, generate and disseminate false and inflated appraisal reports; and to fraudulently conceal their scheme from the victims and government regulators.

5. Defendants used false and inflated appraisals to fraudulently induce customers to purchase and refinance hotels and other commercial properties.

6. By using false and inflated appraisals to transfer non-performing properties to the Plaintiffs, the Defendants converted the assets of Plaintiffs and used the Plaintiffs as a mere business conduit, instrument and tool solely for their own objective, benefit, and advantage, to the detriment of Plaintiffs.

7. The proper disclosures by Defendants would have avoided substantial harm to Plaintiffs.

8. Defendants made false statements of material fact to Plaintiffs, which Defendants intended to induce reliance thereon, which statements were false, and the falsity was known to Defendants, proximately causing injury and damage to Plaintiffs.

9. The actions of Defendants, as alleged herein, were carried out in a knowing and intentional manner, and those actions have proximately caused Plaintiffs to suffer substantial damages in the form of economic and pecuniary losses, lost dividends, capital expenditures, capital contributions, equity, diminution in value of shares, lost profit, lost contracts, distributions, returns, interest appreciation, and compensatory and special damages and those losses will continue in the future.

10. The injuries and damages suffered by Plaintiffs are the direct and proximate result of Defendants' breaches of duty to refrain from fraud and fraudulent inducement.

11.     Defendants acted willfully and wantonly, and their acts were malicious and oppressive such that punitive damages should be assessed against them sufficient to deter the Defendants and others from engaging in such unlawful conduct in the future.

**WHEREFORE**, the Plaintiffs request judgment against CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES, RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER, jointly and severally, for a sum equal to the amount of damages awarded by a jury at trial of this matter, punitive damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

**Count 6**

**<u>Aiding and Abetting Fraud</u>**

**CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED;**

33

**ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.;
SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL;
HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES;
RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER**

1.      The Plaintiffs reassert and reallege paragraphs 1 through 11 of Count 5 as if fully set forth at length herein.

2.      Defendants each owed a duty to Plaintiffs and others to refrain from aiding and abetting others in the making of false statements of material fact which the Defendants intended to induce reliance by Plaintiffs thereon, which statements were false, and the falsity was known to Defendants, so as not to proximately cause injury and damage to Plaintiffs; a duty to refrain from aiding and abetting fraud, so as not to proximately cause injury and damage to Plaintiffs; and other duties.

3.      Through the conduct of Defendants, as set forth from on or about January 1, 2001 to the present, the Defendants breached their duties owed to the Plaintiffs as aforesaid and aided and abetted the commission of fraud, described more specifically as follows:

4.      TPG Capital, Capital Crossing and State Bank of Texas continued the operation of the fraud scheme with full knowledge that the appraisals by William Daddono which supported their customer files were fraudulent and inflated.  TPG Capital, Capital Crossing and State Bank of Texas participated in and received excessive principal payments from the old NRB customers, proffered and endorsed the false appraisals in written and oral demands for payment from the victims, and used and obtained false appraisal reports from Advanced Appraisal and William Daddono after the liquidation of National Republic Bank.

5.      TPG Capital, Capital Crossing and State Bank of Texas used false and inflated appraisals to fraudulently induce customers to purchase and refinance the commercial properties.

34

6.      By using false and inflated appraisals to saddle Plaintiffs with toxic loans and impossible debt service payments, the Defendants converted the assets of Plaintiffs and used the Plaintiffs as a mere business conduit, instrument and tool solely for their own objective, benefit, and advantage, to the detriment of Plaintiffs.

7.      The proper disclosures to Defendants by TPG Capital, Capital Crossing and State Bank of Texas would have avoided substantial harm to Plaintiffs.

8.      TPG Capital, Capital Crossing and State Bank of Texas made false statements of material fact to Plaintiffs, which Defendants intended to induce reliance thereon, which statements were false, and the falsity was known to Defendants, proximately causing injury and damage to Plaintiffs.

9.      The actions of Defendants, as alleged herein, were carried out in a knowing and intentional manner, and those actions have proximately caused Plaintiffs to suffer substantial damages in the form of economic and pecuniary losses, lost dividends, capital expenditures, capital contributions, equity, diminution in the value of shares, lost profit, lost contracts, distributions, returns, interest appreciation, and compensatory and special damages and those losses will continue in the future.

10.     The injuries and damages suffered by Plaintiffs are the direct and proximate result of Defendants' breaches of duty to refrain from fraud and fraudulent inducement.

11.     Defendants acted willfully and wantonly, and their acts were malicious and oppressive such that punitive damages should be assessed against them sufficient to deter the Defendants and others from engaging in such unlawful conduct in the future.

**WHEREFORE**, the Plaintiffs request judgment against CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET

OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES, RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER, jointly and severally, for a sum equal to the amount of damages awarded by a jury at trial of this matter, punitive damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

### Count 7

### <u>Tortious Interference with Contract</u>

**CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES; RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER**

1.      Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 86 of Count 1 as if the same were fully set forth at length herein.

2.     The Defendants knowingly participated in the conduct alleged herein, and, in so doing, knowingly and without justification induced breach of contract of the Delaware Motel Associates, Inc., Independence Management Associaters, Inc., C. Patel Co. LLC and Turkey Foot Lake Road Land Holdings, LLC Articles of Incorporation and Operating Agreements.

3.     Specifically, Defendants collected fraudulent debt service payments that interfered with the ability of Delaware Motel Associates, Inc., Independence Management Associaters, Inc., C. Patel Co. LLC and Turkey Foot Lake Road Land Holdings, LLC to make distributions, pay dividends and reimburse loans from shareholders.

4.     The Defendants allowed and facilitated the tortious interference with the agreements.

5.     The conduct of Defendants was carried out in a knowing and intentional manner, and for their own benefit, and those actions have caused the Plaintiffs to suffer substantial damages in the form of millions of dollars of economic and pecuniary losses, lost dividends, capital expenditures, capital contributions, diminution in value of shares, lost equity, business opportunities, distributions, returns, interest appreciation, compensatory damages and special damages and those losses will continue in the future.

6.     The Defendants agreed to engage in the conduct alleged herein, and participated in and benefited from the actions and omissions as alleged.

7.     The actions and omissions of Defendants directly and proximately resulted in rents and profits, business opportunities, customers, income, equipment, personnel, records and loan proceeds being diverted and usurped away from Plaintiffs to entities controlled and managed day-to-day by Defendants.

8.      The Defendants acted willfully and wantonly such that punitive damages should be assessed sufficient to deter Defendants and others from engaging in such unlawful conduct in the future.

**WHEREFORE**, the Plaintiffs request judgment against CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES, RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER, jointly and severally, for a sum equal to the amount of damages awarded by a jury at trial of this matter, punitive damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

**Count 8**

**Aiding and Abetting Tortious Interference with Contract**

**CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED;**

**ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES; RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER**

1.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 8 of Count 7 as if the same were fully set forth at length herein.

2.     The Defendants knowingly participated in the conduct alleged herein, and, in so doing, knowingly and substantially assisted each other in tortiously interfering with the Articles of Incorporation and Operating Agreements.

3.     The Defendants, by their assistance, allowed and facilitated the tortious interference with the agreements.

4.     The conduct of Defendants was carried out in a knowing and intentional manner, and for their own benefit, and those actions have caused the Plaintiffs to suffer substantial damages in the form of millions of dollars of economic and pecuniary losses, lost dividends, capital expenditures, capital contributions, equity, business opportunities, distributions, returns, interest appreciation, compensatory damages and special damages and those losses will continue in the future.

5.     The Defendants agreed to engage in the conduct alleged herein, and participated in and benefited from the actions and omissions as alleged.

6.     The actions and omissions of Defendants directly and proximately resulted in rents and profits, business opportunities, customers, income, equipment, personnel, records and loan proceeds being diverted and usurped away from Plaintiffs to entities controlled and managed day-to-day by Defendants.

7.     The Defendants acted willfully and wantonly such that punitive damages should be assessed sufficient to deter Defendants and others from engaging in such unlawful conduct in the future.

**WHEREFORE**, the Plaintiffs request judgment against CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES, RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER, jointly and severally, for a sum equal to the amount of damages awarded by a jury at trial of this matter, punitive damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

**Count 9**

**Intentional Interference with Prospective Economic Advantage**

**CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED;**

**ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES; RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER**

1.      Defendants repeat and reallege paragraphs 1 through 86 of Count 1 as if fully set forth at length herein.

2.      Alternatively, the Delaware Motel Associates, Inc., Independence Management Associaters, Inc., C. Patel Co. LLC and Turkey Foot Lake Road Land Holdings, LLC Articles of Incorporation, Shareholder Agreements and Operating Agreements were valid and enforceable contracts.

3.      Defendants had no legitimate interest to protect or further in collecting debt service on the fraudulent loans, and had no privilege to interfere with counter-plaintiffs' business relationships.

4.      Defendants' ongoing collection efforts have caused significant damage to the business reputations and credit of Plaintiffs.

5.      Because Plaintiffs have wrongfully been accused of failure to pay debts as they become due, Plaintiffs are forced to confront these allegations as part of the public record made by Defendants and falsely incorporated into their credit records, despite their complete falsity and lack of foundation.

6.      As a result of those actions, Plaintiffs' business reputations and credit ratings have been adversely impacted and defendants have incurred significant expense and lost significant business opportunities and relationships and suffered damages in an amount to be proved at trial.

7.      Defendants improperly interfered by taking actions which made it impossible to complete the contract.

8.    Since 2009, Defendants have converted the assets of defendants and used the defendants as a mere business conduit, instrument and tool solely for their own objective, benefit, and advantage, to the detriment of defendants, and continues to do so.

9.    Capital Crossing Servicing Company LLC, Capital Crossing Holdings LLC, The State Bank of Texas, Tarrant Capital Advisors, Inc., TPG Capital, L.P., TPG Specialty Lending, Inc., TPG Opportunities Partners, L.P., Chandrakant Patel, Nicholas Lazares, Richard Wayne, James G. Coulter and David Bonderman knew that Plaintiffs' corporations, companies and their contracts and operating agreements would be negatively affected by Defendants' collection of debt service on the toxic loans.

11.    TPG Opportunities Partners, L.P., on behalf of by and through day to day managers and chief executives Joshua Easterly and Alan Waxman, attempted to and did collect fraudulent debt service payments from defendants with the intent of causing harm to defendant's business relationships.

12.    Capital Crossing Servicing Company LLC, Capital Crossing Holdings LLC, The State Bank of Texas, Tarrant Capital Advisors, Inc., TPG Global LLC, TPG Capital, L.P., TPG Specialty Lending, Inc., TPG Opportunities Partners, L.P., have intentionally interfered and continue to intentionally interfere with the contracts by and among other things:  knowingly demanding and collecting fraudulent and excessive principal loan payments, interest charges, late charges, administrative charges, insurance placements, attorneys' fees, and associated charges; causing the inability of the Property to sustain the debt service payments which Defendants knew were fraudulent years before the purchase from the FDIC; and by knowingly assisting and engaging in the fraud scheme.

13.   Defendants had a reasonable expectation of capital returns, income, dividends, equity increases and other pecuniary gains from the agreements with non-party shareholders in the Articles of Incorporation, Shareholder Agreements and Operating Agreements, and from business transactions that arose from the success of the projects.

14.   Capital Crossing Servicing Company LLC, Capital Crossing Holdings LLC, The State Bank of Texas, Tarrant Capital Advisors, Inc., TPG Global, LLC, TPG Capital, L.P., TPG Specialty Lending, Inc., and TPG Opportunities Partners, L.P. knew of this reasonable expectancy, and unjustifiably and maliciously interfered, preventing Plaintiffs' expectancy from ripening into a valid business relationship by knowingly demanding and collecting fraudulent and excessive principal loan payments and associated charges; by using false and inflated appraisals to justify the continuing collection of fraudulent charges incurred under the loan agreements and guaranties; by soliciting false appraisals directly from William Daddono and Advanced Appraisal Group in Itasca, Illinois, and as a direct and proximate result the businesses could not progress and the potential profits and business opportunities would be lost.

15.   As a direct and proximate result of the conduct of counter-defendants, the defendants suffered economic and pecuniary losses, compensatory damages, special damages, lost dividends, capital expenditures, capital contributions, equity, lost profits, lost business opportunities, distributions, returns, interest appreciation and other losses, and those damages and losses are ongoing and will continue in the future.

16.   Counter-defendants' interference was done willfully and with such gross recklessness as to indicate a wanton disregard to the rights of others, and its acts were malicious and oppressive such that punitive damages should be assessed against Counter-defendants sufficient to deter them and others from engaging in such unlawful conduct in the future.

**WHEREFORE**, the Plaintiffs request judgment against CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES, RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER, jointly and severally, for a sum equal to the amount of damages awarded by a jury at trial of this matter, punitive damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

### Count 10

### <u>Unjust Enrichment</u>

**CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES; RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER**

1.      Defendants reassert and reallege paragraphs 1 through 86 of Count 1 above as if fully set forth at length herein.

2.      TPG Capital, Capital Crossing and State Bank of Texas retained as a benefit to defendants' detriment that would be unjust for them to retain, the amounts paid to them in debt service and associated charges, the amounts illegally obtained by them, capital contributions, dividends, equity, profits, business opportunities, distributions, returns, interest appreciation, the value of services, expertise, consultancy, and room revenue, and other moneys and profits.

3.      TPG Capital, Capital Crossing and State Bank of Texas must disgorge and turnover the sums wrongfully retained because the retention of the benefit violates principles of justice, equity and good conscience.

4.      The court must establish a constructive trust upon the assets of TPG Capital, Capital Crossing and State Bank of Texas and order the immediate disgorgement and turnover of the amounts paid for capital reduction and interest on the loans, the capital contributions, renovation expenditures, distributions and the value of services, expertise, consultancy, profits garnered, compensatory damages, consequential damages, special damages, and for costs and attorneys' fees.

**WHEREFORE**, the Plaintiffs request judgment against CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS,

INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES, RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER, jointly and severally, for a sum equal to the amount of damages awarded by a jury at trial of this matter, punitive damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

**Count 11**

**<u>Quantum Meruit</u>**

**CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES; RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER**

1.      Plaintiffs reassert and reallege paragraphs 1 through 86 of Count 1 above as if fully set forth at length herein.

2.      Defendants willfully and maliciously engaged in misconduct as described above and Plaintiffs suffered the loss of their revenue, lost future business, diminution in value of shares, compensatory damages and other losses as stated above, plus costs, interests and attorneys' fees.

3.      Plaintiffs are entitled to monetary sums under the principles of equity and *quantum meruit*.

46

**WHEREFORE**, the Plaintiffs request judgment against CAPITAL CROSSING SERVICING COMPANY LLC; CAPITAL CROSSING HOLDINGS LLC; PHOENIX ASSET OPTIMIZATION LLC; PHOENIX ASSET MANAGEMENT, LLC; PHOENIX NPL, LLC; PHOENIX REO, LLC; THE STATE BANK OF TEXAS; TARRANT CAPITAL ADVISORS, INC.; TPG GLOBAL, LLC; TPG CAPITAL, L.P.; TPG GROUP HOLDINGS (SBS) ADVISORS, INC.; TPG SPECIALTY LENDING, INC.; TPG OPPORTUNITIES PARTNERS, L.P.; ADVANCED APPRAISAL GROUP, INC.; ADVANCED APPRAISAL CONSULTANTS, INCORPORATED; ADVANCED APPRAISAL CONSULTANTS, LLC; WOLIN & ROSEN, LTD.; SMITHAMUNDSEN LLC; WILLIAM DADDONO; CHANDRAKANT PATEL; HIREN PATEL; EDWARD FITZGERALD; NICHOLAS LAZARES, RICHARD WAYNE; DAVID BONDERMAN and JAMES G. COULTER, jointly and severally, for a sum equal to the amount of damages awarded by a jury at trial of this matter, punitive damages, all other and further relief to which defendants may be entitled at law or in equity; and all further relief the Court deems fair and just, including but not limited to attorney's fees, expenses, interest and costs.

Plaintiffs demand trial by a Jury of Twelve.

> **PLAINTIFFS**
> **DELAWARE MOTEL ASSOCIATES, INC.**
> **INDEPENDENCE MANAGEMENT**
> **ASSOCIATES, INC.; C. PATEL CO. LLC**
> **TURKEYFOOT LAKE ROAD LAND**
> **HOLDINGS, LLC; CHAMPAKBHAI N.**
> **PATEL and JASHVANTI C. PATEL**
>
>
> /s/    Paul Caghan

47

PAUL CAGHAN (A.R.D.C. #3123213)
LAW OFFICE OF PAUL CAGHAN, P.C.
*Attorney for Plaintiffs*
300 North LaSalle Street
Suite 4925
Chicago, Illinois 60654
(773) 469-8724
caghan@ameritech.net