**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DELAWARE MOTEL ASSOCIATES, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 17-cv-01715 |
| ) | |
| CAPITAL CROSSING SERVICING ) | |
| COMPANY LLC, et al., ) | Hon. Matthew F. Kennelly |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO STRIKE AFFIDAVIT OF NICHOLAS LAZARES**

**NOW COME** Plaintiffs DELAWARE MOTEL ASSOCIATES, INC., INDEPENDENCE MANAGEMENT ASSOCIATES, INC., C. PATEL CO. LLC, TURKEY FOOT LAKE ROAD LAND HOLDINGS, LLC, CHAMPAKBHAI N. PATEL and JASHVANTI C. PATEL, by and through their attorney PAUL CAGHAN and for Plaintiffs' Motion to Strike Affidavit of Nicholas Lazares state as follows:

**I.   The Lazares Affidavit was submitted in bad faith and solely for delay by concealing the fact that defendant Lazares conducted business, had a relationship, and had dealings with Capital Crossing Servicing Company LLC.**

   **A.   The Lazares Affidavit is deliberately deceptive, evasive and incomplete.**

A party wishing to challenge an affidavit filed in support of a motion for summary judgment can file a motion to strike directed at defects in the affidavit. *In Re Unisys Sav. Plan Litig.*, 74 F.3d 420, 437 n. 12 (3d Cir.1996); *Grine v. Coombs*, 214 F.R.D. 312, 338-39 (W.D.Pa.2003), cited in *Roach v. Marrow*, No. 3:CV-08-1136, 2011 U.S. Dist. LEXIS 154438, at *19-20 (M.D. Pa. Sep. 21, 2011).

1

The Lazares Affidavit (Dkt. 77-1) deliberately omits reference to the central issue in the case which is whether Lazares "conducted business, had a relationship, or had dealings with" Capital Crossing Servicing Company LLC. This phraseology should be present in paragraphs 4, 7 or 9 but is deliberately omitted. Paragraphs 4, 7 and 9 of the Lazares Affidavit are therefore deceptive, evasive and incomplete and the entire affidavit must be stricken. Fed. R. Civ. Proc. Rule 56(h).

The Lazares Affidavit does not support the central fact issue claimed by Lazares in his Combined Motion, Memorandum of Law, and LR 56.1 Statement of Facts. The Lazares Affidavit fails to deny his business dealings and relationship with Capital Crossing Servicing Company. The Lazares Affidavit is deceptive, confusing and unreliable and must be stricken.

The defendants' combined motion, memorandum and statement of material facts go even further and contain outright false statements by defense counsel. (See *Motion to Strike Combined Motion, Memorandum of Law and LR 56.1 Statement of Material Facts*, separately filed.)

**B.     The Lazares Affidavit conceals the fact that Lazares registered Capital Crossing Servicing Company LLC to do business in the State of Massachusetts through his attorney-in-fact Nancy Coyle.**

The Lazares Affidavit is deliberately vague, deceptive and misleading to confuse the fact that Nicholas Lazares does indeed have a relationship with and control of Capital Crossing Servicing Company LLC. Nicholas Lazares uses power of attorney forms and subordinates to control his businesses. (See **Exhibit 12**, *Limited Power of Attorney for Section 16(a) Filings, Nicholas W. Lazares*).

One of Lazares' subordinates is Nancy Coyle. On August 18, 2008, Lazares' representative Nancy Coyle filed the registration of Capital Crossing Servicing Company LLC to do business in

the State of Massachusetts as a foreign limited liability company. (See **Exhibit 13**, *Registration of a Foreign Limited Liability Company, August 18, 2008*).

      **C.**      **The Lazares Affidavit conceals the fact that Lazares had dealings for many years with Capital Crossing Servicing Company LLC through its Managing Partner, Edward F. Mehm.**

While director of Capital Crossing Securities Corporation II, Lazares had dealings with Capital Crossing Servicing Company LLC through its managing partner Edward F. Mehm. Nicholas Lazares and Edward F. Mehm sat together on the board of directors of Capital Crossing Securities Corporation II from 2004 through 2013. Edward F. Mehm was a director of Capital Crossing Securities Corporation II from 2004 through 2013 and also a founder of Capital Crossing Servicing Company LLC and has been its Managing Partner for many years. (See **Exhibit 15**, *Website, Capital Crossing Servicing Company LLC, Edward F. Mehm, Managing Partner*).

Edward F. Mehm signed the annual reports for Capital Crossing Servicing Company LLC for the years 2014, 2015 and 2016. (See **Exhibit 16**, *Annual Report 2014*; **Exhibit 17**, *Annual Report 2015*; **Exhibit 18**, *Annual Report 2016*). During those years, 2014 through 2016, Edward F. Mehm was listed on the records of the Secretary of the Commonwealth as the person "authorized to execute, acknowledge, deliver and record" real estate instruments on behalf of Capital Crossing Servicing Company LLC. (*Id.*)

      **D.**      **The Lazares Affidavit conceals the fact that Lazares had dealings for many years with Capital Crossing Servicing Company LLC through its Chief Legal Officer, Bradley M. Shron.**

While director of Capital Crossing Securities Corporation II, Lazares had dealings with Capital Crossing Servicing Company LLC through its Chief Legal Counsel and clerk-secretary Bradley M. Shron. Lazares and Shron sat together on the board of directors of Capital Crossing Securities Corporation II from 2004 through 2013. Before joining Capital Crossing, Bradley M.

3

Shron was a partner at Riemer & Braunstein, which is the Boston law firm representing Lazares and Wayne in this litigation. (See **Exhibit 19**, *Website, Capital Crossing Servicing Company LLC, Bradley M. Shron, Chief Legal Officer*).

> **E.   The Lazares Affidavit was conceals the fact that Lazares controls Capital Crossing Servicing Company LLC through its alter ego Capital Crossing Securities Corporation II.**

Plaintiffs previously identified a company named Capital Crossing Securities Corporation (No. 1) as the source of defendant Lazares' trusteeships and power of attorney grants to his representatives. It has now been revealed that a second entity, Capital Crossing Securities Corporation II, is the alter ego of Capital Crossing Servicing Company LLC.

Alter ego status is found where the two enterprises share substantially identical management, business, operation, equipment, customers, ownership and supervision. *See Trustees of Sheet Metal Workers Local No. 1 Welfare Trust v. AAA-Northgate, Inc.*, 269 Ill. App. 3d 919 (3rd Dist. 1995). Alter ego status can be found when the business purposes, operations, workforce, customers, income and expenses are common among the defendants. *In re Rehabilitation of Centaur Ins. Co.*, 238 Ill. App. 3d 292 (1st Dist. 1992). Further, the Alter Ego theory requires that the facts must be such that an adherence of the fiction of separate corporate existence would endorse a fraud or promote injustice. (*Id.*)

In each state, the alter ego relationship is a question of fact to be determined by the circumstances of each case. *See also Southport Petroleum Co. v. NLRB*, 315 U.S. 100, 106, 86 L. Ed. 718, 62 S. Ct. 452 (1942). In each state, either the sanctioning of fraud or the promotion of injustice is one criterion. The other criterion is virtually the same: In Indiana, one corporation must be a "mere instrumentality or adjunct of another;" in Illinois, the "interest and ownership" of

the two entities are so united that "separate personalities . . . no longer exist." *Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339, 1345-46 (7th Cir. 1987).

Capital Crossing Securities Corporation II and Capital Crossing Servicing Company LLC have certain identical key employees and directors. Included in the directors of Capital Crossing Securities Corporation II are defendants Lazares and Wayne.

Capital Crossing Securities Corporation II is a Massachusetts corporation founded in 2004 to "engage exclusively in the buying, selling, dealing in, or holding of securities on its own behalf as a wholly-owned subsidiary of Capital Crossing Bank." (See **Exhibit 1**, *Articles of Organization*, Capital Crossing Securities Corporation II, p. 2).

The directors of Capital Crossing Securities Corporation II at its founding were defendants Nicholas Lazares and Richard Wayne and another Massachusetts resident named Edward F. Mehm. (*Id*. at 7)

The officers of record at the 2004 founding of Capital Crossing Securities Corporation II were defendant Richard Wayne as president, Edward F. Mehm as vice president and treasurer, and Bradley M. Shron as clerk. (*Id*.)

Capital Crossing Securities Corporation II's annual report for 2004 lists defendant Wayne and Edward F. Mehm as president and treasurer, respectively, with Bradley M. Shron as secretary. (See **Exhibit 2**, *Annual Report 2004*, Capital Crossing Securities Corporation II, p. 2).

As mentioned earlier, Lazares had four (4) attorneys in fact. They are present as officers in Capital Crossing Securities Corporation II with Nancy Coyle as controller, William P. Hornby as assistant treasurer, Kim Murray as assistant controller and Maria Stahl as assistant secretary. (*Id*.)

The 2005 annual report is identical with Lazares, Wayne and Mehm as directors and Wayne also fulfilling the dual role as president. (See **Exhibit 3**, *Annual Report 2005*, Capital Crossing

Securities Corporation II, p. 2). Maria Stahl, an attorney in fact for Lazares, signed the 2005 report. (Id.)

The 2006 annual report lists the same people with Lazares, Wayne and Mehm as directors, Bradley M. Shron as secretary, and Wayne also as president. (See **Exhibit 4**, *Annual Report 2006*, Capital Crossing Securities Corporation II, p. 1).

The 2007 annual report has changes present with Lazares and Wayne dropped as directors and a new director named Demetrios Kyrios. Bradley M. Shron is still present as secretary. (See **Exhibit 5**, *Annual Report 2007*, Capital Crossing Securities Corporation II).

Lazares and Wayne are restored as directors in 2008. Wayne is again president and Bradley M. Shron is still the secretary. (See **Exhibit 6**, *Annual Report 2008*, Capital Crossing Securities Corporation II).

For the ensuing years, 2009 through 2013, Lazares and Wayne remained in their positions as directors along with Edward F. Mehm. (See **Exhibit 7**, *Annual Report 2009*, **Exhibit 8**, *Annual Report 2010*, **Exhibit 9**, *Annual Report 2011*, **Exhibit 10**, *Annual Report 2012*, **Exhibit 11** *Annual Report 2013)*.

There is an identity of employees and officers in key positions at Capital Crossing Securities Corporation II and Capital Crossing Servicing Company LLC. Edward F. Mehm, who was a director of Capital Crossing Securities Corporation II from 2004 through 2013, was also a founder of Capital Crossing Servicing Company LLC and has been its Managing Partner for many years. (See **Exhibit 15**, *Website, Capital Crossing Servicing Company LLC, Edward F. Mehm, Managing Partner*). Edward F. Mehm signed the annual reports for Capital Crossing Servicing Company LLC for the years 2014, 2015 and 2016. (See **Exhibit 16**, *Annual Report 2014*; **Exhibit 17**, *Annual Report 2015*; **Exhibit 18**, *Annual Report 2016*). During those years, 2014 through

2016, Edward F. Mehm was listed on the records of the Secretary of the Commonwealth as the person "authorized to execute, acknowledge, deliver and record" real estate instruments on behalf of Capital Crossing Servicing Company LLC. (*Id.*)

Bradley M. Shron, who was secretary of Capital Crossing Securities Corporation II from 2004 through 2014, was also Chief Legal Officer and Executive Vice President of Capital Crossing Servicing Company LLC for many years. Bradley M. Shron joined Capital Crossing Servicing Company LLC back in 1996 when it was named Capital Crossing Bank.

Before joining Capital Crossing Bank, Bradley M. Shron was a partner at Riemer & Braunstein, which is the Boston law firm representing Lazares and Wayne in this litigation. (See **Exhibit 19**, *Website, Capital Crossing Servicing Company LLC, Bradley M. Shron, Chief Legal Officer*).

Demetrios ("Jim") Kyrios is another executive of Capital Crossing Servicing Company LLC who is functioning simultaneously as a key executive of Capital Crossing Securities Corporation II. Mr. Kyrios was listed in 2007 as director of Capital Crossing Securities Corporation II. Mr. Kyrios is also a Managing Partner of Capital Crossing Servicing Company LLC. (See **Exhibit 20**, *Website, Capital Crossing Servicing Company LLC, People and Leadership*).

In downtown Boston, the headquarters of Capital Crossing Securities Corporation II is located about 1,000 feet away from the headquarters of Capital Crossing Servicing Company LLC. (See **Exhibit 14**, *Google Maps, 99 High Street to 101 Summer Street, Boston, MA)*. Capital Crossing Securities Corporation II and Capital Crossing Servicing Company LLC could be using the same offices. Their key personnel are the same.

**II.     The Lazares Affidavit must be stricken pursuant to Rule 56(h).**

Rule 56(g) (the predecessor section) does not define "bad faith," but it ordinarily involves a dishonesty of belief or purpose, *Black's Law Dictionary* 149 (8th ed. 2004), or "where a claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper purpose," *Pedraza v. United Guar. Corp.,* 313 F.3d 1323, 1336 (11th Cir. 2002); *Browning Debenture Holders' Comm. v. DASA Corp.,* 560 F.2d 1078, 1088 (2d Cir. 1977).

Plaintiffs are entitled to an award of expenses and attorneys' fee incurred as a result of defendants' use of false affidavits which were used to mislead the court and delay proceedings. *Acrotube, Inc. v. J.K. Financial Group, Inc*., 653 F. Supp. 470 (N.D. Ga. Jan. 7, 1987).

**WHEREFORE**, the plaintiffs request that this Honorable Court enter an order striking the Affidavit of Nicholas Lazares in its entirety pursuant to Rule 56(h), for an award of costs and attorneys' fees against defendant Nicholas Lazares and his attorneys, and for such further relief as may be necessary.

> **PLAINTIFFS**
> **DELAWARE MOTEL ASSOCIATES, INC.**
> **INDEPENDENCE MANAGEMENT**
> **ASSOCIATES, INC., C. PATEL CO. LLC**
> **TURKEY FOOT LAKE ROAD LAND**
> **HOLDINGS, LLC, CHAMPAKBHAI N.**
> **PATEL, JASHVANTI C. PATEL**
>
>
> /s/     Paul Caghan

PAUL CAGHAN (A.R.D.C. #3123213)
LAW OFFICE OF PAUL CAGHAN, P.C.
*Attorney for Plaintiffs*
300 North LaSalle Street
Suite 4925
Chicago, Illinois 60654
(773) 469-8724
caghan@ameritech.net

8

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he properly provided by Electronic Court Filing, emailed or mailed or delivered by commercial carrier a true and correct copy of the foregoing to all attorneys of record on June 22, 2017 before 5:00 pm.


/s/    Paul Caghan