IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DELAWARE MOTEL ASSOCIATES, INC., INDEPENDENT MANAGEMENT ASSOCIATES, INC., TURKEY FOOT LAKE ROAD LAND HOLDINGS, LLC, C. PATEL CO. LLC, CHAMPAKBHAI N. PATEL, and JASHVANTI C. PATEL, <br><br> Plaintiffs, <br><br> v. <br><br> CAPITAL CROSSING SERVICING COMPANY LLC, CAPITAL CROSSING HOLDINGS LLC, ADVANCED APPRAISAL GROUP, INC., ADVANCED APPRAISAL CONSULTANTS, INC., ADVANCED APPRAISAL CONSULTANTS, LLC, WILLIAM DADDONO, WOLIN & ROSEN, LTD., SMITHAMUNDSEN LLC, THE STATE BANK OF TEXAS, CHANDRAKANT PATEL, HIREN PATEL, EDWARD FITZGERALD, PHOENIX NPL, LLC, PHOENIX REO, LLC, TARRANT CAPITAL ADVISORS, INC., TPG GLOBAL, LLC, TPG CAPITAL L.P., TPG GROUP HOLDINGS (SBS) ADVISORS, INC., TPG SPECIALITY LENDING, INC., TPG OPPORTUNITIES PARTNERS, L.P., NICHOLAS LAZARES, RICHARD WAYNE, DAVID BONDERMAN, and JAMES G. COULTER, <br><br> Defendants. | Case No. 17 C 1715 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Delaware Motel Associates, Inc., Independence Management Associates, Inc., C. Patel Co. LLC, Turkey Foot Lake Road Land Holdings, LLC, Champbakbhai Patel, and Jashvanti Patel allege that they were the victims of a

1

racketeering enterprise involving the making of commercial real estate loans based on false and inflated appraisals. They assert that William Daddono and his associates provided inflated appraisals of real estate properties to the National Republic Bank of Chicago (NRB) and that NRB used those false appraisals to make fraudulent loans to plaintiffs, among other alleged victims. After NRB closed in 2014, TPG Capital, L.P. and the State Bank of Texas (SBT) purchased some of NRB's loans, and according to plaintiffs, those companies and certain associated entities knowingly participated and continued the fraudulent enterprise. Plaintiffs assert claims against all the defendants for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c); RICO conspiracy, in violation of 18 U.S.C. § 1962(d); and use of income derived from racketeering activity, in violation of 18 U.S.C. § 1962(a); as well as a number of state-law claims based on their allegations of fraud. This Court recently granted motions to dismiss filed by TPG Capital, SBT, and related defendants. *See Delaware Motel Assocs., Inc. v. Capital Crossing Servicing Co.*, Case No. 17 C 1715, 2017 WL 4224618, at *1 (N.D. Ill. Sept. 22, 2017).

Capital Crossing Servicing Company LLC (CCSC) is among the entities allegedly associated with TPG Capital that plaintiffs have sued. According to plaintiffs' complaint, CCSC acted as the servicer for the NRB loans that TPG Capital purchased. In addition to CCSC, plaintiffs have sued Nicholas Lazares and Richard Wayne, who plaintiffs assert are the owners, "strategic decision-makers," and "day to day managers" of CCSC. Am. Compl. ¶ 28. Plaintiffs do not allege that Lazares or Wayne had any participation in the scheme apart from their role at CCSC. Lazares and Wayne, for their part, deny that they have ever been involved or affiliated with CCSC or otherwise had

2

any dealings with plaintiffs or the other defendants in this suit. Both Lazares and Wayne have moved for summary judgment, and each has submitted an affidavit saying he had no affiliation with CCSC and no relationship with the other parties in the case. Prior to responding to the motion for summary judgment, the Court afforded plaintiffs the opportunity to take the depositions of both Lazares and Wayne. Plaintiffs contend that Lazares and Wayne's motion for summary judgment and the accompanying affidavits, memorandum of law, and Northern District of Illinois Local Rule 56.1 statement of material facts contain false statements, and they have moved to strike each of those documents. For the reasons stated below, the Court denies plaintiffs' motion to strike and grants Lazares and Wayne's motion for summary judgment.

## Discussion

In their reply brief in support of their motion to strike, plaintiffs argue that Lazares and Wayne's motion for summary judgment should be denied because they have failed to comply with Local Rule 56.1. That rule requires moving parties to submit a statement of material facts in short numbered paragraphs that contain references to materials in the record that support the asserted facts. *See* N.D. Ill. Local Rule 56.1(a)(3). Rather than submitting a separate document entitled "Defendants' Rule 56.1 Statement of Material Facts," Lazares and Wayne included their statement of facts in the body of the memorandum supporting their motion for summary judgment. Plaintiffs contend that this violates Local Rule 56.1 and that the motion must be denied as a result. *See id.* ("Failure to submit such a statement constitutes grounds for denial of the motion.").

On its face, Rule 56.1 does not say that the required statement of facts and memorandum must be separate documents with distinct docket entries. Though some

3

judges in this district have interpreted the rule to require separate filings, *see, e.g.*, *Maheras v. Vlachos*, No. 11 C 5552, 2012 WL 5269408, at *3 (N.D. Ill. Oct. 24, 2012) (Leinenweber, J.); *Winfrey v. Cermak Health Servs. of Cook Cty.*, No. 07 C 3255, 2009 WL 498014, at *3 (N.D. Ill. Feb. 24, 2009) (Darrah, J.), the undersigned judge does not believe that the rule prescribes any particular practice in this regard. *See Krawczyk v. del Re*, No. 98 C 6817, 2002 WL 1488865, at *2 n.3 (N.D. Ill. July 11, 2002) (noting lack of "separate document" or "explicit label" requirements in Local Rule and concluding that non-movant who appended response to movant's statement of facts conformed with "general requirements" of the rule). One way or another, however, a district judge has discretion "to apply the [local] rule[s] strictly or to overlook any transgression." *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011). In this case, it would be against the "spirit of the rules," *id.*, to deny Lazares and Wayne's motion merely because their statement of facts was not submitted in a separate document, particularly because (1) their statement consisted of only eleven short paragraphs and otherwise complied with the rule, (2) plaintiffs did not raise the issue of noncompliance in either their motion to strike or their response to the motion for summary judgment, and (3) plaintiffs themselves made no attempt to respond to Lazares and Wayne's statement of facts, as Local Rule 56.1(b)(3) requires. *Cf. Maheras*, 2012 WL 5269408, at *3 (finding that moving party complied with spirit of Rule 56.1 by including numbered paragraphs, with references with to supporting materials in the record, at the beginning of motion for summary judgment).

A court will grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). Lazares and Wayne contend that they are entitled to judgment as a matter of law on all of plaintiffs' claims, each of which is based on the alleged fraudulent loan scheme. Lazares and Wayne argue, based on the sworn statements in their affidavits, that they had and have no affiliation or involvement with CCSC or any of the other parties who purportedly engaged in the alleged scheme. In their response, plaintiffs do not point to any evidence that supports, let alone creates a genuine dispute about, their assertion that Lazares and Wayne were the owners and operators of CCSC. Rather, plaintiffs appear to have retreated from that theory, acknowledging in their response that Lazares and Wayne were the owners of Capital Crossing Bank, an entity that merged with Lehman Brothers Bank, FSB in February 2007, and that Lazares and Wayne had no corporate or other affiliation with CCSC.

Rather than present evidence showing that Lazares and Wayne owned and operated CCSC, as alleged in the complaint, plaintiffs advance in their response to the motion for summary judgment a new theory regarding Lazares and Wayne's conduct. On plaintiffs' new account, CCSC was formed by former employees of Capital Crossing Bank who illegally "stripped" assets from Lehman Brothers Bank and transferred them to CCSC. Plaintiffs assert that the former employees of Capital Crossing Bank who formed CCSC previously worked in Lehman Brothers' Capital Crossing division under the supervision of Lazares and Wayne in 2007 and that Lazares and Wayne concealed efforts by their former employees to steal assets from Lehman Brothers. According to plaintiffs, by concealing the alleged theft of assets, Lazares and Wayne defrauded and conspired to defraud Lehman Brothers. Plaintiffs also maintain that Lazares and Wayne's concealing of the alleged theft of assets aided and abetted a conspiracy to

5

defraud the United States by assisting in interfering with the Chapter 11 bankruptcy proceeding involving Lehman Brothers. Plaintiffs also maintain that by concealing the alleged theft of assets and transfer of assets to CCSC, Lazares and Wayne "created" CCSC and are therefore liable for the fraudulent conduct alleged against CCSC in the complaint.

Plaintiffs' reliance on an entirely new factual theory likely provides, by itself, a sufficient basis for the Court to grant Lazares and Wayne's motion for summary judgment. Though a plaintiff need not plead a legal theory and may therefore change legal theories throughout the course of litigation, a court may treat a theory raised for the first time at the summary judgment stage as forfeited if "the new argument change[s] the complaint's factual theory in an important way." *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 860 (7th Cir. 2017). The allegations against Lazares and Wayne in the complaint concern only their alleged role as owners of CCSC; there are no allegations that they (or any other defendant) took part in a scheme to defraud Lehman Brothers. In fact, in a prior version of the complaint, plaintiffs named Lehman Brothers as a defendant and participant in the alleged racketeering enterprise—essentially the opposite of the victim status that plaintiffs now posit. Plaintiffs cannot appropriately shift gears at this point and avoid summary judgment based on a theory that was not even hinted at in their complaint.

Even if the Court did not treat plaintiffs' new theory as forfeited, summary judgment would be appropriate, because plaintiffs present their new theory by way of conclusory assertions unsupported by any specific facts in the record. *See King v. Ford Motor Co.*, ___F.3d____, 2017 WL 4349308, at *5 (7th Cir. Oct. 2, 2017) ("Summary

6

judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough to stave off summary judgment.") (internal quotation marks omitted). In their response to the motion for summary judgment, plaintiffs assert that Lazares and Wayne's former colleagues at the Capital Crossing division of Lehman Brothers Bank "acquir[ed]" and "stripp[ed] . . . assets from Lehman Bank and transfer[red them] to [CCSC,]" and that Lazares and Wayne "conceal[ed] . . . th[at] theft of bank assets from other officers and directors of Lehman Brothers[.]" Pls.' Resp. to Defs.' Mot. for Summ. J. at 3. But the portions of the deposition testimony from Lazares and Wayne that plaintiffs cite tend to show only that former employees of the Capital Crossing division of Lehman Brothers formed CCSC after Lazares and Wayne had been terminated from their positions at Lehman Brothers. Plaintiffs cite to no evidence indicating that those colleagues illegally transferred assets from Lehman Brothers to CCSC or, more importantly for present purposes, that Lazares and Wayne knew about any illegal transfers or took any actions to conceal the alleged illegal activity.

Even if plaintiffs' assertions were supported by evidence, plaintiffs have not explained why Lazares and Wayne would be liable to plaintiffs for the asserted conduct. Plaintiffs have not explained, for example, why they would have standing to pursue claims on behalf of Lehman Brothers or the United States, the victims of the alleged fraud. Nor have they explained why Lazares and Wayne, if they did engage in conduct that led to the creation of CCSC, should be held liable for *that entity's* illegal activity. There is therefore no genuine dispute over a material fact—that is, over any "fact[] that might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and Lazares and Wayne are entitled to judgment

7

as a matter of law.

Plaintiffs have moved to strike Lazares and Wayne's affidavits, motion for summary judgment, supporting memorandum, and Rule 56.1 Statement of Facts because those documents were submitted in bad faith and "contain false statements." Pls.' Mot. to Strike at 20. Plaintiffs do not substantiate their charge that Lazares and Wayne made false statements in their filings; the motion to strike is premised on the same conclusory assertions made in response to the motion for summary judgment.

## Conclusion

For the reasons stated above, the Court denies plaintiffs' motion to strike [dkt. no. 133] and grants Lazares and Wayne's motion for summary judgment [dkt. no. 76]. The motion hearing set for October 12, 2017 is vacated, and the status hearing set for that date is vacated and reset to October 26, 2017 at 9:30 a.m.

Date: October 10, 2017

_____
MATTHEW F. KENNELLY
United States District Judge